## BURNS v. UNITED STATES.

No. 378. Argued November 15, 1932.—Decided December 5, 1932.

*Mr. Otto Christensen* for petitioner.

*Solicitor General Thacher,* with whom *Assistant Attorney General Youngquist,* and *Messrs. Paul D. Miller, Mahlon D. Kiefer,* and *Wm. H. Riley, Jr.,* were on the brief, for the United States.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The Court granted certiorari to review the decision of the Circuit Court of Appeals affirming an order revoking probation. 59 F. (2d) 721. On a plea of guilty to three counts of an indictment, petitioner was sentenced, on May 4, 1931, on the first count to imprisonment for one year, on the second count to pay a fine of $2,000, and on the third count to imprisonment for five years. Execution of the last-mentioned sentence was suspended and the court granted probation upon the following terms,— " during such time as the defendant reports regularly

every three months in writing, beginning with this date, to the federal probation officer of this court; during which time he entirely refrains from any violation of any law with the possible exception of parking and traffic ordinances, and in all respects conducts himself as a law-abiding citizen. In case of the violation of the terms of probation, the defendant will be brought before the court and sentenced. Probation is granted for a period of five years."

On January 21, 1932, while petitioner was serving his sentence on the first count, he was brought before the court, by its direction, for the purpose of investigating a report that he had violated the terms of probation. After a brief recess to permit the attendance of counsel for petitioner, the court held a summary hearing. A special agent of the Department of Justice testified that the jail records, a copy of which was produced, showed that on fifteen days between May 10th and August 18th, 1931, petitioner had been absent from the jail for long periods ranging from nearly four hours to over twelve hours; that an order had been made permitting him to visit a dentist for necessary dental work, but that on August 18th the agent had found petitioner at his home. Petitioner was examined on his own behalf and from his cross-examination it appeared that on one occasion, when the record showed that he had been away from the jail from 10 a. m. until 9.06 p. m., he had been at his home in the evening "listening to the radio, something like that." He was unable to say how often he had gone to his home when he was supposed to be visiting the dentist; it was "quite a few times. Q. Most of the time? A. Pretty near." He further testified: "Q. When you left the jail and didn't go to the dentist's office, were you and Lessner [a deputy marshal] riding around or were you at your house and would Lessner ride around? Is that right? A. Yes." On redirect examination, petitioner added that when he was out he

asked to be taken home to get a change of clothes; that usually each time he went to the house he went for a change of linen.

After petitioner had testified, the court, denying the request of petitioner's counsel for an opportunity to present further evidence, especially as to matters upon which the court did not base its conclusion, revoked the probation order. The court said that " there is enough obviously before this court to show that the spirit of the probation was not in any sense complied with." The Circuit Court of Appeals, reviewing petitioner's testimony at length, sustained the order as based not upon " a technical escape, but upon the fact that the appellant had not acted in good faith in carrying out the order of the trial judge, but, on the contrary, had taken advantage of a general permit to carry out his own purposes quite independently of the basis and theory upon which the order was given." 59 F. (2d) p. 724.

*First.* Petitioner objects to the summary character of the proceeding. He urges that he was entitled to previous notice of specific charges of violation of the terms of probation and to a hearing upon such charges according to the established rules of judicial procedure. As opposed to the action sanctioned below he invokes principles announced in *Hollandsworth* v. *United States* (C. C. A. 4th), 34 F. (2d) 423, 428, and in certain decisions of state courts dealing with procedure under state probation laws. See *State* v. *Zolantakis,* 70 Utah 296; 259 Pac. 1044; 54 A. L. R. Ann. 1463, 1471, *note.*[1]

---

[1] See, also, *Riggs* v. *United States* (C. C. A. 4th), 14 F. (2d) 5, 9, 10; *Furrow* v. *United States* (C. C. A. 4th), 46 F. (2d) 647; *Ex parte Lucero,* 23 N. Mex. 433; 168 Pac. 713; *State* v. *O'Neal,* 147 Wash. 169; 265 Pac. 175; *Plunkett* v. *Miller,* 161 Ga. 466; 131 S. E. 170; *Williams* v. *State,* 162 Ga. 327; 133 S. E. 843; *State* v. *Hardin,* 183 N. C. 815; 112 S. E. 593; *Weber* v. *State,* 58 Ohio St. 616; 51 N. E. 116. Compare *Campbell* v. *Aderhold* (N. D. Ga.), 36 F. (2d) 366,

The Federal Probation Act (March 4, 1925, c. 521, 43 Stat. 1259; U. S. C., Tit. 18, §§ 724–727), confers an authority commensurate with its object. It was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable. *United States* v. *Murray*, 275 U. S. 347, 357, 358; H. R. Rep. No. 423, 68th Cong., 1st Sess. Probation is thus conferred as a privilege and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion. The provisions of the Act are adapted to this end. It authorizes courts of original jurisdiction, when satisfied " that the ends of justice and the best interests of the public, as well as the defendant, will be subserved," to suspend the imposition or execution of sentence and " to place the defendant upon probation

---

367; *United States* v. *Mulligan* (C. C. A. 2d), 48 F. (2d) 93, 94; *Jianole* v. *United States*, (C. C. A. 8th), 58 F. (2d) 115, 117; *People ex rel. Forsyth* v. *Court of Sessions*, 141 N. Y. 288; 36 N. E. 386; *People ex rel. Pasco* v. *Trombly*, 173 App. Div. (N. Y.) 497; 160 N. Y. S. 67; *People ex rel. Woodin* v. *Ottaway*, 247 N. Y. 493, 497; 161 N. E. 157; *Commonwealth* v. *McGovern*, 183 Mass. 238; 66 N. E. 805; *Finer* v. *Commonwealth*, 250 Mass. 493; 146 N. E. 23; *People* v. *Dudley*, 173 Mich. 389, 392, 395; 138 N. W. 1044; *Richardson* v. *Commonwealth*, 131 Va. 802, 810, 811; 109 S. E. 460; *State* v. *Sullivan*, 127 S. C. 186; 121 S. E. 47; *State* v. *Miller*, 122 S. C. 468, 473–475; 115 S. E. 742; *People* v. *Sapienzo*, 60 Cal. App. 626; 213 Pac. 274; *People* v. *Sanders*, 64 Cal. App. 1; 220 Pac. 24.

for such period and upon such terms and conditions as they may deem best."

There is no suggestion in the statute that the scope of the discretion conferred for the purpose of making the grant is narrowed in providing for its modification or revocation. The authority for the latter purpose immediately follows that given for the former, and is in terms equally broad. " The court may revoke or modify any condition of probation, or may change the period of probation." There are no limiting requirements as to the formulation of charges, notice of charges, or manner of hearing or determination. No criteria for modification or revocation are suggested which are in addition to, or different from, those which pertain to the original grant. The question in both cases is whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant. The only limitation, and this applies to both the grant and any modification of it, is that the total period of probation shall not exceed five years. Act of March 4, 1925, § 1.

Such procedural provisions as the Act contains harmonize with the view that the continuance of the probation, as well as the grant of it, rests in the court's discretion. The probation officer, when directed by the court, must report to the court with a statement of the conduct of the probationer. " The court may thereupon discharge the probationer from further supervision and may terminate the proceedings against him, or may extend the probation, as shall seem advisable." Id., § 2. The broad authority of the court remains unimpaired. At any time within the probation period, the probationer may be arrested, either with or without warrant, and thereupon he " shall forthwith be taken before the court." Also, after the probation period has expired, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the

defendant to be arrested and brought before it. "Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." *Id.*

The duty placed upon the probation officer to furnish to each probationer under his supervision "a written statement of the conditions of probation" and to "instruct him regarding the same" (*id.*, § 4) cannot be deemed to restrict the court's discretion in modifying the terms of probation or in revoking it. The evident purpose is to give appropriate admonition to the probationer, not to change his position from the possession of a privilege to the enjoyment of a right. He is still a person convicted of an offense, and the suspension of his sentence remains within the control of the court. The continuance of that control, apparent from the terms of the statute, is essential to the accomplishment of its beneficent purpose, as otherwise probation might be more reluctantly granted or, when granted, might be made the occasion of delays and obstruction which would bring reproach upon the administration of justice. See *Campbell* v. *Aderhold,* 36 F. (2d) 366, 367; *United States* v. *Mulligan,* 48 F. (2d) 93, 94; *Jianole* v. *United States,* 58 F. (2d) 115, 117; *Commonwealth* v. *McGovern,* 183 Mass. 238; 66 N. E. 805; *People ex rel. Pasco* v. *Trombly,* 173 App. Div. (N. Y.) 497, 499; 160 N. Y. S. 67; *Richardson* v. *Commonwealth,* 131 Va. 802, 810, 811; 109 S. E. 460; *People* v. *Dudley,* 173 Mich. 389, 392, 395; 138 N. W. 1044; *People* v. *Sanders,* 64 Cal. App. 1; 220 Pac. 24.

The question, then, in the case of the revocation of probation, is not one of formal procedure either with respect to notice or specification of charges or a trial upon charges. The question is simply whether there has been an abuse of discretion, and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious

judgment, not arbitrary action. *The Styria,* 186 U. S. 1, 9. It takes account of the law and the particular circumstances of the case and " is directed by the reason and conscience of the judge to a just result." *Langnes* v. *Green,* 282 U. S. 531, 541. While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice.

*Second.* Applying these principles, it is apparent that the instant case has the peculiar feature that the probationer was actually serving a jail sentence while on probation with respect to another sentence. But, even in jail, he was subject to the conditions of the probation. By its terms, he was to refrain from violation of law and " in all respects conduct himself as a law-abiding citizen." As, at the same time that the sentence in question was suspended and probation was granted, he was committed to jail upon a distinct sentence, there was also a condition necessarily implied that he should not be guilty of conduct inconsistent with obedience to that sentence. Abuse of the liberty granted him to leave the jail for a particular purpose, and absenting himself in the circumstances described in his testimony,—apart from the question of violation of law (see Act of May 14, 1930, c. 274, § 9, 46 Stat. 325, 327; U. S. C., Tit. 18, § 753h)—was clearly a breach of that condition and the court was entitled to take note of it.

There is, properly speaking, no question here of notice. Defendant was brought before the court and questioned. Defendant was not only heard but gave his testimony. The inquiry related to his own conduct in connection with his leaving the jail, and the court could properly restrict the examination to what was pertinent to that conduct and could refuse to extend the inquiry to embrace other matters. The hearing was summary but it cannot be said that it was improper or inadequate, in view of the nature of the proceeding and of the particular point upon which

the court rested its decision. The court revoked the probation upon defendant's admissions of his dereliction and it does not appear that there was an abuse of discretion.

*Judgment affirmed.*