### ESCOE v. ZERBST, Warden.

### No. 1095.

Circuit Court of Appeals, Tenth Circuit.
Jan. 7, 1935.

Rehearing Denied Feb. 12, 1935.

Harry C. Green, of Denver, Colo., for appellant.

S. S. Alexander and L. E. Wyman, both of Topeka, Kan., for appellee.

Before LEWIS and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

On the 18th day of December, 1933, Jack Escoe, appellant, filed in the court below his petition praying that a writ of habeas corpus issue directing the appellee, Zerbst, warden of the United States penitentiary at Leavenworth, at a time to be stated, to have the petitioner before the court, and on hearing had to discharge him from said penitentiary. On the 26th day of January, 1934, the trial court made the following order:

"Now on this 26th day of January, A. D. 1934, at Topeka, Kansas, came regularly on for hearing the motion of the respondent to dismiss the petition for writ of habeas corpus filed herein. The petitioner appeared by Floyd Strong, his attorney, and the respondent appeared by L. E. Wyman, Assistant United States Attorney, the court upon

being duly advised in the premises finds and orders that said motion to dismiss should be and the same is hereby overruled to which finding and order the respondent excepts and his exceptions are hereby allowed.

"Upon application of the respondent, it is thereupon directed that the respondent file a response to the petition herein forthwith and that the petitioner if he so desires file his reply to said response.

"Thereupon the petitioner introduced his evidence including the exhibits attached to his petition and rested, the respondent thereafter introduced his evidence including the exhibits attached to the response and rested.

"The court after argument of counsel and after consideration of all of the pleadings filed herein and being duly advised in the premises, finds that said writ for habeas corpus should be and the same is hereby denied, to which finding and order the petitioner excepts and his exceptions are hereby allowed."

This order recites that evidence was introduced by the parties respectively. No bill of exceptions is found in the record preserving the same. We are limited, as apparently the trial court limited itself, to a consideration of the pleadings, including the exhibits attached.

The applicable statute is that part of the second paragraph of Act March 4, 1925, § 2, section 725, title 18 USCA, as amended on June 16, 1933, which reads: "At any time within the probation period the probation officer may arrest the probationer wherever found, without a warrant, or the court which has granted the probation may issue a warrant for his arrest, which warrant may be executed by either the probation officer or the United States marshal of either the district in which the probationer was put upon probation or of any district in which the probationer shall be found and, if the probationer shall be so arrested in a district other than that in which he has been put upon probation, any of said officers may return probationer to the district out of which such warrant shall have been issued. Thereupon such probationer shall forthwith be taken before the court. * * * Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

The allegations of the petition material to the present inquiry are:

"That on October 5, 1932, he appeared before the United States District Court, Eastern Division, of the District of Texas, at Tyler, Texas, to answer an indictment alleged a violation of the National Motor Vehicle Theft Act. A certified copy of said indictment is hereto attached.

"That he entered a plea of guilty to said indictment, and was sentenced by said court, and said sentence be and the same is hereby suspended for a period of five (5) years on conditions of probation and the defendant be placed in charge of the district probation officer for that length of time. A certified copy of the judgment and sentence is hereto attached.

"While he was at liberty under the suspended sentence, he was arrested at Marshall, Texas, on an order of the United States District Court for the Eastern District of Texas, Tyler Division, * * * that instead of being taken before said court at Tyler, Texas, and given a hearing as provided by law and the Constitution of the United States, he was on August 11, 1933, brought directly from Paris, Texas, by a deputy United States marshal * * * and surrendered to the warden of the United States penitentiary at Leavenworth, Kansas, where he has at all times since been imprisoned.

"That by reason of the fact that he was brought directly to the United States penitentiary at Leavenworth, Kansas, without such hearing before the court that sentenced him, he is unlawfully imprisoned and restrained of his liberty."

The copy of the judgment and sentence attached to the petition recites that:

"On the 10th day of October, A. D. 1932, the defendant again appearing and being asked by the court if he had anything to say why the judgment and sentence of the court should not be pronounced upon him, in accordance with his confessed plea of guilty, entered in this cause on the 5th day of October, A. D. 1932, and no good cause being shown why the judgment and sentence should not be pronounced herein;

"It is, therefore, considered by the court and so ordered, adjudged and decreed that the defendant is guilty of violation of the National Motor Vehicle Theft Act, to-wit: of unlawfully, knowingly, fraudulently and feloniously transporting in interstate commerce from New Orleans, in the State of Louisiana, to Marshall, in the State of Texas, a certain motor vehicle, a Chevrolet road-

ster, knowing same to have been stolen property as charged in the indictment herein, and his punishment is fixed and assessed as follows:

"That the defendant be imprisoned in the United States penitentiary at Leavenworth, Kansas, for a period of four (4) years and six (6) months.

"It appearing to the satisfaction of the court that the ends of justice and the best interest of the public, as well as that of the defendant will be subserved by the suspension of the execution of the sentence pronounced herein;

"It is therefore considered by the court, and so ordered, that said sentence be and the same is hereby suspended for a period of five (5) years on conditions of probation and the defendant be placed in charge of the district probation officer for that length of time."

Following this is an order of that court as follows: "That the suspended sentence heretofore granted the defendant be, and the same is hereby in all things revoked, and the clerk will issue a commitment and deliver the same to the United States marshal for execution. This August 5, 1933."

In his answer the warden substantially admits the allegations of the petition that the order of August 5, 1933, revoking the order of probation of five years and the suspension of the sentence of four years and six months in the penitentiary at Leavenworth, was made in the absence of the defendant. Numerous matters are set up in the answer of the warden apparently in palliation of, and as an excuse for, the failure of the officer to take petitioner forthwith before the court as required by section 725 both before and after its amendment on June 16, 1933. Only such part of the numerous matters set up in the answer of the warden will be given as tend to complete the court records in part attached to the petition.

In addition to the court records attached to the petition of appellant, certified copies of the following are attached to the answer of the warden: An application of the probation officer, filed July 29, 1933, alleging that Jack Escoe, the probationer, had violated the provisions of his probation stated generally, and in which he asked: "For an order to issue capias for the arrest of the defendant and deliver the same to probation officer to the end that the defendant may be placed in jail, a motion prepared for the revocation of his suspended sentence and commitment to the United States peniten-

tiary to serve the sentence originally imposed."

The record shows that on the same day the court made the following order:

"The foregoing application of probation officer having been heard and considered by the court,

"Ordered that the clerk file this motion and issue a capias for the arrest of said defendant and deliver the same to Oscar S. Gresham, United States probation officer."

Following this is a warrant bearing date July 31st for the arrest of the probationer, Escoe, directed to the United States marshal. The return of the marshal indorsed on the warrant recites: "Received this writ on the third day of August, 1933, and I executed the same on the fourth day of August, 1933, at Marshall, Texas, by arresting the within-named defendant Jack Escoe and now have his body in my custody."

On August 5th the probation officer filed in the court a written report respecting the conduct of Escoe, the probationer, in which he charged that:

"On July 29, 1933, it having come to the knowledge of probation officer that defendant had violated his conditions of probation as hereinafter shown, application was made to your Honor for an order directing the clerk to issue capias for the arrest of said Jack Escoe. The application was granted by the court on July 29, 1933, which said application for capias was forwarded to the clerk of the United States District Court for the Eastern District of Texas, Tyler, for issuance of the capias. Capias was issued and returned to probation officer. Whereupon, it was forwarded to Honorable Phil E. Baer, United States marshal, Paris, Texas, for execution and return, with the information that the defendant, Jack Escoe, would be found in the county jail at Marshall, Texas.

"One of the conditions of probation prescribed by the court in this case was: (a) Refrain from the violation of any State or Federal penal laws.

"Another condition of probation prescribed by the court was: (b) Lead a clean, honest and temperate life.

"The defendant Jack Escoe, has violated the two conditions of probation above set out in this: He forged the name of his father, A. Escoe, to a check for $10.00 and passed the same to the Sugar Bowl Cafe. He likewise forged his father's name to a check for $15.00 and passed the same on one

Leonard Johnson, thus committing, under the laws of the State of Texas, two felonious acts.

"The defendant, Jack Escoe, for several days prior to the time he committed the felonious acts above stated, had been intoxicated.

"Wherefore, probation officer files this motion and asks the court for an order revoking the suspended sentence of the said Jack Escoe and directing the clerk to issue a commitment to the United States penitentiary at Leavenworth, Kansas, to serve the sentence of four and a half years originally imposed.

"Probation officer submits to the court herewith a detailed history of the defendant, of his attempted supervision and of his past criminal record."

Then follows the order of the court dated August 5, 1933, already quoted in part, which, quoted in full, recites:

"The foregoing motion having been heard and considered by the court:

"Ordered, that the suspended sentence heretofore on, to-wit: October 10, 1933, be and the same is hereby in all things revoked. The clerk will file this motion and order and issue a commitment and deliver the same to the marshal for execution."

A commitment under date of August 7th was thereupon issued under which the appellant at the time he filed his petition in the court below was being held by the appellee as warden of the Leavenworth Penitentiary.

It appears from the records above set out that appellant, when arrested, was not forthwith taken before the court by the arresting officer, and that he was not present at the hearing of the application of the probation officer when the court on August 5, 1933, revoked the order of October 10, 1932, suspending his sentence of four years and six months in the penitentiary at Leavenworth.

It is the contention of appellant that the order of the court of August 5, 1933, revoking the order of suspension of sentence of October 10, 1932, made in his absence and without opportunity of being heard in defense of the charges preferred against him by the probation officer, was void; that is to say, it is the contention of appellant that the court exceeded its jurisdiction when it made the order of August 5th in his absence and without affording him opportunity to defend himself against the charges preferred against him by the probation officer.

It will be noted that the statute does not lay down any rule of procedure respecting either the granting of probation, the suspension of sentence, or the revocation of orders of probation or of suspension of sentence. It does provide that on arrest the probationer shall forthwith be taken before the court, presumably for the purpose of hearing and disposing of pending accusations. It is elementary and fundamental, of course, that no one accused of wrongdoing should be condemned in his absence and without opportunity for defense, but, in view of the broad provisions of the Probation Act, it does not necessarily follow that the failure to have appellant present in court and to afford him opportunity to answer the accusations made against him by the probation officer rendered the order of August 5th void; the court did not pronounce the sentence which appellant is now serving on that day; that sentence had been previously pronounced on October 10, 1932, when he was present. At that time, and pursuant to the probation statute, the sentence then pronounced was suspended, and appellant was placed on probation for five years under the conditions specified in the application for revocation later filed by the probation officer. It is clear that the court had authority on August 5th to revoke the probation order, including the suspension of sentence made by it on October 10, 1932. It had continuing jurisdiction after that date of both the case and of the person of appellant in respect to his probation. On August 5th, and at the time the order revoking the suspension of sentence was made, appellant was under arrest and in the custody of the United States marshal on a warrant issued at the direction of the court. It is apparent from the record that at the hearing on August 5th testimony and evidence in support of the charges made by the probation officer were taken and considered by the court, and that upon the evidence and testimony so taken the order revoking probationer's sentence was made. If the evidence so taken was untrue and the revocation of his probation and suspension of sentence unfair and unjust, the probationer long ago could have applied to the court for a rehearing upon a proper showing made and the injustice corrected. The fact that he has never made such application tends to show that he actually has no real cause for complaint. Instead of pursuing this course, he has chosen to invoke the high and privileged remedy of habeas corpus, and is now asking this court to read into the Probation Act of Congress (18 US

CA §§ 724–727) a rule of criminal procedure which would make the order of August 5th absolutely void. In this period of enlightened procedural liberalization, it may not be supposed that Congress intended to, or that the courts will by construction, weigh down and incumber the Probation Act of Congress with the outworn technicalities of the old criminal procedure. Indeed, the Supreme Court of the United States in Burns v. United States, 287 U. S. 216, 53 S. Ct. 154, 155, 77 L. Ed. 266, has already, as we think, freed it from such barnacles. The court in that case has said:

"The Federal Probation Act * * * confers an authority commensurate with its object. It was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable. * * * Probation is thus conferred as a privilege, and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment, and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane, and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion. The provisions of the act are adapted to this end. It authorizes courts of original jurisdiction, when satisfied 'that the ends of justice and the best interests of the public, as well as the defendant, will be subserved,' to suspend the imposition or execution of sentence and,'to place the defendant upon probation for such period and upon such terms and conditions as they may deem best.'

"There is no suggestion in the statute that the scope of the discretion conferred for the purpose of making the grant is narrowed in providing for its modification or revocation. The authority for the latter purpose immediately follows that given for the former, and is in terms equally broad. 'The court may revoke or modify any condition of probation, or may change the period of probation.' There are no limiting requirements as to the formulation of charges, notice of charges, or manner of hearing or determination. No criteria for modification or revocation are suggested which are in addition to, or different from, those which pertain to the original grant. The question in both cases is whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant. The only limitation, and this applies to both the grant and any modification of it, is that the total period of probation shall not exceed five years. * * *

"The question, then, in the case of the revocation of probation, is not one of formal procedure either with respect to notice or specification of charges or a trial upon charges. The question is simply whether there has been an abuse of discretion and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action. * * * It takes account of the law and the particular circumstances of the case and is 'directed by the reason and conscience of the judge to a just result.' * * * While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of·whim or caprice."

In the Burns Case the Supreme Court held that there had been no abuse of discretion by the trial court, a question which could be considered on that appeal. Whether there was an abuse of discretion by the court of the Eastern District of Texas is not before us in this proceeding. The only question here involved is whether that court had jurisdiction to make the order of August 5th. We think it did have jurisdiction to make the order.

The judgment is affirmed.