267 F.2d 9
 Katherine YOHAM, as Administratrix of the Estate of Marion K. Yoham, and Katherine Yoham, as Administratrix ad Prosequendum of Marion Yoham, Deceased, Appellant,
v.
ROSECLIFF REALTY COMPANY, Inc. and Palisades Amusement Park Operating Corporation.
 No. 12724.
 United States Court of Appeals Third Circuit.
 Argued April 6, 1959.
 Decided May 14, 1959.
 
 Arnold B. Elkind, New York City (Jerome L. Yesko, Edwin Weiss, Herbert Zelenko, New York City, on the brief), for appellants.
 John F. Leonard, Newark, N. J., for appellees.
 Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.
 STALEY, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the United States District Court for the District of New Jersey entered upon a jury verdict for the defendant. The action was one for the wrongful death of the plaintiff's husband allegedly thrown out of the roller coaster, Cyclone, owned and operated by defendant on July 8, 1956.
 
 
 2
 These are the essential facts: The roller coaster consists of a train of three open cars coupled together, three successive seats in each car, moving by force of gravity and momentum on tracks with sharp dips and curves; after reaching the highest point there is a sharp descent, followed by a second climb to another peak, in turn followed by a curve to the left which is banked; following the curve, the banking diminishes and there is a second extremely steep descent; the accident in question took place on this descent. The decedent and his brother were seated in the last seat in the last car of the train. The cars were furnished with a stationary "safety bar" extending laterally from the back of the immediately preceding seat and parallel and almost in line with the front of the chair cushion on the right-hand side of the car. At the entrance or left-hand side, the bar was angled off to permit ingress. The decedent, who had been sitting on the left side of the car, fell out head first and died almost instantaneously.
 
 
 3
 Prior to the commencement of the trial and out of the presence of the jury, the court entertained offers of proof and ruled on them. Most of the specific errors alleged by appellant relate to the court's denial at that conference of certain offers of proof. Specifically, the court refused to permit a jury to view the roller coaster, use of a scale model of the roller coaster car, evidence of previous and subsequent accidents on the same coaster, and evidence of the death of an employee of defendant while testing the device. In addition, the appellant complains of restrictions placed upon her by the trial court in her examination of one of her expert witnesses and in the use of photographs placed in evidence.
 
 
 4
 Appellant recognizes that the court's rulings may be justified as proper exercises of its discretion or as harmless error. However, she contends that the cumulative effect of these rulings resulted in the deprivation of a fair trial. It was thus incumbent on this court to read the entire record to ascertain whether the actions of the trial court when taken in context and viewed as a whole resulted in a fair and impartial presentation of issues to the jury. Our examination of the record leads us to the conclusion that the trial judge was fully aware of his duty "to conduct the trial in an orderly way with a view to eliciting the truth, and to attaining justice between the parties." Kettenbach v. United States, 9 Cir., 202 F. 377, 385, certiorari denied, 1913, 229 U.S. 613, 33 S.Ct. 772, 57 L.Ed. 1352. His actions were well within his authorized discretion and evidence nothing more than a diligent effort to keep the issues before the jury from being obfuscated. The instances of alleged unfairness or partiality on the part of the trial judge, cited by appellant, whether taken separately or as a totality, do not constitute error, let alone prejudicial error.
 
 
 5
 We have carefully considered the cases cited by appellant and find that they merely indicate that under differing factual patterns courts have approved the admission of similar types of evidence. None of them stand for the proposition that in all cases such evidence must be admitted. Differing factual situations call for the exercise of judicial discretion in regard to the admissibility of evidence. As Chief Justice Hughes stated in Burns v. United States, 1932, 287 U.S. 216, 223, 53 S.Ct. 154, 156, 77 L.Ed. 266, "That exercise implies conscientious judgment, not arbitrary action. * * * It takes account of the law and the particular circumstances of the case and `is directed by the reason and conscience of the judge to a just result.'"
 
 
 6
 A far more serious attack upon this judgment has been made by appellant. It is contended that it was reversible error for the court to fail to charge that appellee was required to exercise a high degree of care for the decedent's safety. This action was in the district court solely by reason of diversity and, of course, the federal courts will apply the substantive law of New Jersey. DeEugenio v. Allis-Chalmers Mfg. Co., 3 Cir., 1954, 210 F.2d 409; Kieffer v. Blue Seal Chemical Co., 3 Cir., 1952, 196 F.2d 614. At the time of trial there was evidently no definitive pronouncement of the Supreme Court of New Jersey as to the standard of care in cases of this nature. Appellant submitted two requests for charge that substantially asked for a test of "reasonable prudence" to be applied. Although the court did not see fit to use them verbatim, its charge indicated that defendant owed the duty of "exercising reasonable care — that is reasonable care, not a high degree of care — and diligence to erect, keep and maintain the roller coaster reasonably safe for its intended purpose." Three days after the return of the jury's verdict the Supreme Court of New Jersey decided Kahalili v. Rosecliff Realty, Inc., 1958, 26 N.J. 595, 141 A.2d 301, which set forth the standard of care required of New Jersey roller coaster owners. "In a word, the standard of conduct laid down by the law is care commensurate with the reasonably foreseeable risk of harm, such as would be reasonable in the light of the apparent risk * * *." (141 A.2d at page 305). Appellant contends that New Jersey has adopted the now outmoded standard of degrees of care when in actuality they have held that "care commensurate with the reasonably foreseeable risk" is the standard. However that may be, the court's charge cannot be analyzed in the light of 20/20 hindsight, although even in that light it is remarkably accurate. The charge substantially incorporated the standard requested by the plaintiff. Her points for charge were properly refused because, when viewed as a whole, they incorporated erroneous statements of law. It ill becomes appellant to expect more prescience of the trial court than she was able to muster in her requests for charge. This is a case for the application of Rule 51, Federal Rules of Civil Procedure, 28 U.S.C. The clear intent and meaning of the rule requires that before a party can complain on appeal of the failure of the court to give a specific instruction, the party must show it requested that instruction. Appellant cannot now be heard to complain of the failure of the trial court to instruct in regard to a high degree of care because she did not make a request for such instruction and did not specifically except to the failure of the court to give it.
 
 
 7
 The judgment of the district court will be affirmed.