**Barbara Marie HICKS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 72–1519.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1973.

Decided Jan. 25, 1973.

Franklin Wilder, Fort Smith, Ark., on briefs for appellant.

Bethel B. Larey, U. S. Atty., and James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., on brief for appellee.

Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

This is an appeal from a revocation of probation. In August of 1971 appellant, represented by counsel, pled guilty to theft of mail and forgery and uttering of a postal order. She was sentenced to three years but the term was suspended and she was placed on three years probation.

On August 7, 1972 motion to revoke probation was filed by her probation officer, alleging violations of probation, namely, having left the jurisdiction without first obtaining permission, and arrests for intoxication.

Hearing was had, at which appellant was represented by counsel. She freely admitted the charges made but presented matters in extenuation. The District Court, after hearing, revoked the probation theretofore granted and imposed a sentence of two years.

The appellant charges on appeal errors in the introduction of evidence and presents to us as well, matters in mitigation and extenuation. We find no errors as alleged. As we held in United States v. Crocker, 435 F.2d 601 (8th Cir. 1971), probation is a matter of legislative grace, and it may be revoked for failure to comply with conditions validly imposed by the court. The hearing upon revocation does not require a trial in a strict or formal sense, but only a fair hearing. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932); Jianole v. United States, 58

---

* Eastern District of Michigan, sitting by designation.

F.2d 115 (8th Cir. 1932); Bennett v. United States, 158 F.2d 412 (8th Cir. 1947). The question before us is whether or not there has been an abuse of discretion. Kirsch v. United States, 173 F.2d 652 (8th Cir. 1949). We find none.

Affirmed.