904 F.2d 37
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James A. ELLIS, Defendant-Appellant.
 No. 89-6229.
 United States Court of Appeals, Sixth Circuit.
 June 5, 1990.
 
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 BARBARA K. HACKETT, District Judge.
 The issue in this case is whether the federal trial judge abused her discretion in revoking appellant's probation and imposing a consecutive two-year custodial sentence. This is not a sentence imposed pursuant to the United States Sentencing Commission Guidelines. For the following reasons we AFFIRM the trial judge.
 In November, 1985, James A. Ellis pled guilty to two counts of obtaining drugs under false pretenses. On January 3, 1986, the district court sentenced him to three years imprisonment on count one and suspended imposition of sentence on count three, placing him on probation for three years.
 Probation commenced on July 27, 1988. Included was a special condition that appellant participate in a drug treatment program as directed by the probation office and submit to urinalysis.
 On June 7, 1989, appellant's probation officer petitioned to revoke Ellis' probation on the grounds that he had violated several conditions of probation including: (1) commission of other crimes during time of probation; (2) failure to report to the probation office; (3) failure to participate in a drug treatment program; and, (4) failure to submit urine screen samples.
 At the probation violation hearing held on September 14, 1989, it was determined that while on federal probation James A. Ellis had been charged with conspiracy to sell a controlled substance and had been sentenced to serve one year at the Shelby County Correctional Center. He subsequently had been arrested and charged with public drunkenness and disturbance of the peace for which he received two days incarceration. Shortly thereafter he was arrested again for possessing illegal narcotics without a prescription for which he received a thirty-day custodial sentence. Finally, James A. Ellis was charged with unlawful possession of a controlled substance with intent to sell for which a six-year state custodial sentence was imposed.
 It is not disputed that while on probation appellant had failed (1) to report to his probation officer as directed, (2) to attend drug treatment programs as directed by the probation officer, and (3) to participate in required urine screen testing.
 After hearing all the witnesses, the court revoked Ellis's probation and sentenced him to serve a two-year custodial sentence which was to run consecutive to his state sentence.
 In imposing the consecutive custodial sentence, the judge specifically noted appellant's extensive prior criminal record and recognized his need for an effective drug treatment program.
 The parties concede appellant violated probation. During the probation revocation hearing, James A. Ellis admitted he has a drug problem. "I am an abuser of drugs" (Tr. 22).
 As the judge made clear during the hearing, she imposed a substantial period of time in a federal facility where Ellis could receive treatment for his drug addiction. As she explained to James A. Ellis:
 Mr. Ellis, you really just don't leave me much alternative in respect to this case. While we were talking and going over this, I remember this case quite well because of the rather unusual facts, and I went back through the presentence report, and you had seven convictions of various types. They were not all felonies, but you had seven convictions of various types, seven adult convictions when you were before me before and got the three years you got, and I tried to structure a sentence that was the very most I could do to try to get you off drugs on a permanent basis. I thought confining you for a significant period of incarceration with a relatively long period of supervision would give you the maximum possible opportunity, and at this point there just isn't anything much for me to try. I tried everything I had at my disposal. The only thing I could do that would be appropriate at this time would be to impose a federal sentence that will insure that you get some treatment. I can't do anything about--if the county facility chooses not to put you in a drug treatment program when you have got a federal detainer, I can't do anything about that. I can try to make sure you spend some time in a federal facility where a drug treatment program will be available to you, and that is about all I can do (Tr. pp. 30-31).
 James A. Ellis does not contest the fact that his probation was violated but rather argues that the government has the burden of providing a basis for the court to impose a punishment. He continues that the government failed to carry its burden by not showing the degree of seriousness of the violation or the specific factual basis of the state convictions. Appellant further argues that the district court judge acted arbitrarily in imposing a two-year consecutive sentence which was not based on any evidence adduced at the hearing. Appellant asserts that nothing in the record indicates that an additional two years is necessary for his rehabilitation and contends that the evidence presented at the hearing established that the sentence imposed actually hinders him from participating in the drug program available at the state institution.
 The government responds that the district court did not abuse its discretion as there was ample justification for the court's decision. The court knew of appellant's criminal history, the seriousness of the probation violations and his need for drug treatment. The government argues that the court did not abuse its discretion in sentencing appellant to a federal institution where drug treatment would be mandatory in order to both protect society and to help the appellant.
 Appellate review of an order revoking probation requires that the court determine "simply whether there has been an abuse of discretion, and is to be determined in accordance with familiar principles governing the exercise of judicial discretion." Burns v. United States, 287 U.S. 216, 222, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932); United States v. Tucker, 444 F.2d 512, 513 (6th Cir.1971) cert. denied, 404 U.S. 1048, 92 S.Ct. 711, 30 L.Ed.2d 739 (1972).
 The cases cited by appellant do not support appellant's contention that the government is required to go forward with proofs that would support the court's imposition of some kind of punishment.
 Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), is a parole violation case. It holds that some procedural due process is required in order to revoke parole and impose a sentence. The degree of due process that is required is an informal hearing "structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." 408 U.S. at 484. The parolee must have an opportunity to be heard. 408 U.S. at 488. This decision does not impose any standard of proof on the government, but rather establishes the minimum procedural due process requirements for parole revocation.
 Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), extends Morrissey v. Brewer to include probation violation/revocation. The decision also addresses the right to counsel in these proceedings.
 Based upon the record in this case, this court cannot find that the trial judge abused her discretion. To the contrary, she carefully weighed all the facts before her and imposed a sentence well-supported by the undisputed record in this case.
 
 
 1
 For the above reasons, the sentence imposed by the district court hereby is affirmed. The appellant's request for a new hearing is accordingly Denied.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation