## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY SESSION, 1998



**FILED**

**January 22, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | **No. 02C01-9703-CC-00123** |
| Appellee | ) | |
| | ) | **HENDERSON COUNTY** |
| vs. | ) | |
| | ) | **Hon. Franklin Murchison, Judge** |
| BOBBIE JEAN WEATHERS, | ) | |
| | ) | **(Revocation of Community** |
| Appellant | ) | **Corrections)** |

For the Appellant:

**Clifford K. McGowan, Jr.**
Attorney at Law
113 North Court Square
P. O. Box 26
Waverly, TN  37185

(On Appeal)


**George Morton Googe**
District Public Defender
227 West Baltimore Street
Jackson, Tn  38301

(At Trial and of Counsel
 on Appeal)

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Elizabeth T. Ryan**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


**James G. (Jerry) Woodall**
District Attorney General

**Donald H. Allen**
Asst. District Attorney General
P. O. Box 2825
Jackson, TN  38301

OPINION FILED: _____


AFFIRMED PURSUANT TO RULE 20


**David G. Hayes**
Judge

**OPINION**

The appellant, Bobbie Jean Weathers, appeals as of right the judgment of the Henderson County Circuit Court revoking her Community Correction sentences. Prior to her revocation, the appellant was serving an effective fifteen year Community Corrections sentence resulting from ten felony convictions. Finding the alleged violations supported by the proof, the trial court revoked the appellant's Community Corrections sentences and ordered that the balance of her sentences be served in the Department of Correction. The appellant appeals this ruling, contending that, rather than a penitentiary sentence of total confinement, she should have received an alternative sentence which would have permitted her to remain in the community.

In 1991, the appellant was convicted of two counts of theft over $500, theft under $500, and aggravated burglary. For these convictions, the appellant received an effective seven year sentence and was placed on "intensive probation." In 1993, while still on probation, she was convicted of three counts of passing forged paper and received concurrent four year sentences. These sentences were ordered to be served consecutively to her effective sentence of eleven years previously imposed. In addition, the appellant's probation status was revoked and her effective eleven year sentence was ordered to be served in Community Corrections. While serving her Community Corrections sentence, the appellant, on February 20, 1995, was again convicted of burglary and theft of property over $1,000. Pursuant to the plea agreement, no revocations occurred and she received two concurrent four year sentences to be served consecutively to her prior effective eleven years sentence. The appellant was permitted to remain in the Community Corrections program to complete her sentences which now total fifteen years. Thirty-six days after pleading guilty to the burglary and theft charges, the appellant tested positive for cocaine. This violation was followed by the following violations: failure to obey the law - misdemeanor conviction, changing her residence without permission, failing to report to her case officer, failing to report the new arrest, and failure to pay cost and

2

restitution as ordered. The appellant does not contest these violations. She insists, however, that she should be granted an alternative sentence which would permit her to maintain employment and care for her minor children.

The law concerning revocation of a community corrections sentence is clear. After a sentence is revoked, "the [trial] court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4) (1996 Supp.) (emphasis added).

The appellant's flagrant abuse of her judicially granted liberty is indefensible. The primary goal of noninstitutional punishment is to provide a period of grace in order to assist the rehabilitation of a penitent offender. See Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 155 (1932). Clearly, the appellant's past conduct demonstrates that she is unrepentant and efforts to rehabilitate have been rejected. We conclude, as did the trial court, that no additional "period of grace" is warranted.

The judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JOE B. JONES, Presiding Judge


_____
JOE G. RILEY, Judge

3