**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RONDY J. LOCKHART, SR.,
*Defendant-Appellant.*

No. 02-4261

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-99-955)

Submitted: November 21, 2002

Decided: December 2, 2002

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

J. Robert Haley, Assistant Federal Public Defender, Charleston, South
Carolina, for Appellant. Eric William Ruschky, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Rondy J. Lockhart, Sr., appeals the revocation of the five-year term of probation imposed after he pled guilty to wilfully failing to pay child support.* *See* 18 U.S.C. § 228(a)(3) (2000). Lockhart's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the evidence was insufficient to prove that Lockhart violated certain standard and special conditions of probation. Counsel states, however, that, in his view, there were no meritorious issues for appeal. Lockhart was informed of his right to file a supplemental pro se brief but has not done so. We affirm.

We review a district court's revocation of probation for an abuse of discretion. *See Burns v. United States*, 287 U.S. 216, 222-23 (1932). The proof required to support a revocation of probation is that the court be "reasonably satisfied that a probationer has violated the terms of his release." *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968); *see United States v. Leigh*, 276 F.3d 1011, 1012 (8th Cir. 2002) ("Revocation of probation requires only enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of probation."). Upon careful review, we conclude that the district court possessed sufficient evidence to be reasonably satisfied that Lockhart violated the conditions of probation by failing to pay restitution, failing to refrain from using illegal drugs, and failing to comply with five other conditions of probation.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the

---

*The district court sentenced Lockhart to a six-month term of imprisonment. Even though Lockhart has been released from prison, the appeal of his conviction is not moot. *See Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968) (expiration of sentence while conviction awaiting appellate review did not moot appeal because of substantial interest in discharging burdens flowing from conviction).

United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*