UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ANGELA WOODRUFF,
          *Defendant-Appellant.*

No. 02-4958

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
William M. Catoe, Jr., Magistrate Judge.
(CR-98-1251)

Submitted: June 12, 2003

Decided: June 19, 2003

Before WIDENER, LUTTIG, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Angela Woodruff appeals the revocation of the five-year term of probation imposed after she pled guilty to illegal use of an electronic benefit card. Woodruff's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the magistrate judge abused his discretion by revoking Woodruff's probation and sentencing her to nine months imprisonment. Counsel states, however, that, in his view, there are no meritorious issues for appeal. We affirm.

We review the magistrate judge's revocation of probation for an abuse of discretion. *Burns v. United States*, 287 U.S. 216, 222-23 (1932). The proof required to support a revocation of probation is that the court be "reasonably satisfied that a probationer has violated the terms of his release." *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968). Here, Woodruff admitted the charged violations of use of cocaine, new criminal conduct, and failure to submit written reports. Thus, we find that the revocation was supported by sufficient evidence. In addition, Woodruff's sentence was within the properly calculated guideline range.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the magistrate judge's judgment. The court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*