**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4612

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROSS ALEXANDER NORTHWAY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-03-18)

Submitted: April 11, 2005          Decided: April 25, 2005

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Jane E. Pearce, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ross Alexander Northway appeals the district court's judgment revoking a probation sentence on his conviction for passing counterfeit United States currency in violation of 18 U.S.C. § 472 (2000), and resentencing him to twenty-four months in prison followed by twelve months of supervised release. Northway's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious legal issues but arguing the district court abused its discretion because a sentence within the range established by the Guidelines' Chapter Seven policy statements would have provided adequate punishment. Northway has been informed of his right to file a pro se supplemental brief but has not done so. Because our review of the record convinces us the district court did not abuse its discretion, we affirm.

We review a district court's judgment revoking a probation sentence for abuse of discretion. Burns v. United States, 287 U.S. 216, 222 (1932). Upon finding a probation violation, the district court may revoke probation and resentence the defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2000); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). Although Northway's sentence did not exceed the statutory maximum, it did exceed the applicable range under U.S. Sentencing Guidelines Manual § 7B1.4(a)

- 2 -

(2003).  However, while the applicable sentencing range is one of the factors to be considered, it is advisory only.  See 18 U.S.C. § 3553(a)(4)(B) (2000); United States v. Davis, 53 F.3d 638, 640-41 (4th Cir. 1995).  We find the district court properly considered Northway's need for intensive drug treatment when determining his sentence.  See 18 U.S.C. § 3553(a)(1), (2) (2000).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -