**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5181**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARMEN MAXWELL SHOWALTER,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (CR-00-59-SGW; CR-00-68-SGW)

---

Submitted: September 26, 2006          Decided: October 2, 2006

---

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Randy V. Cargill, MAGEE, FOSTER, GOLDSTEIN & SAYERS, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Armen Maxwell Showalter appeals from the revocation of his probation. On appeal, he challenges the sufficiency of the evidence supporting the revocation. We affirm.

Probation may be revoked when the court determines that a condition of probation has been violated and that the violation warrants revocation. Black v. Romano, 471 U.S. 606, 611 (1985). Revocation is discretionary, and the court need only be "reasonably satisfied" that the terms of release were violated. United States v. Cates, 402 F.2d 473, 474 (4th Cir. 1968). The revocation order may be reversed only if the district court abused its discretion. Burns v. United States, 287 U.S. 216, 222 (1932).

As a condition of probation, Showalter was prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of his probation officer. In his brief on appeal, Showalter agrees that he conducted prohibited transactions without approval, but he contends that he conducted such business not in his personal capacity, but instead as the corporate secretary of Universal General Corporation ("UGC"). However, the conditions of his probation did not include an exception for transactions on behalf of third parties. In addition, the evidence was sufficient to show that UGC was essentially a shell corporation.

Accordingly, we find that the district court did not abuse its discretion by revoking Showalter's probation.  Thus, we affirm.  We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED