IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2003

## STATE OF TENNESSEE v. STEPHON HARDEN

**Appeal from the Circuit Court for Sullivan County**
**Nos. S40,897; S41,559; S41,910      R. Jerry Beck, Judge**

---

**No. E2002-01477-CCA-R3-CD**
**May 23, 2003**

---

The Appellant, Stephon Harden, appeals from the judgment of the Sullivan County Circuit Court revoking his probation and remanding him to the Department of Correction. In March of 1999, Harden pled guilty to two counts of class E felony theft, one count of forgery, aggravated burglary, and failure to appear. He received an effective six-year sentence to be served in the Department of Correction. Harden was released following completion of the "boot camp" program and was administratively granted probation by the Commissioner of Correction. Warrants alleging violations of his probationary sentence were issued on February 21st and 28th of 2002. Following a hearing, he was found in violation of his probation and resentenced to the Department of Correction. On appeal, he argues that the trial court erred by failing to consider alternatives to revocation. Finding no merit to Harden's claim, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Stephen M. Wallace, District Public Defender; Terry L. Jordan, Assistant Public Defender, Blountville, Tennessee, for the Appellant, Stephon Harden.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Peter M. Coughlan, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and James Goodwin, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On January 28, 1998, the Appellant was indicted by a Sullivan County grand jury for theft of property over $500 and forgery, both class E felonies. On July 22, 1998, the Appellant was again

indicted for aggravated burglary, a class C felony, and theft over $500. A third indictment against the Appellant, dated October 30, 1998, resulted from his failure to appear in court on September 25, 1998, a class E felony. On March 16, 1999, he pled guilty to all five offenses, as a range I standard offender, and received an effective six-year sentence[1] in the Department of Correction. The Appellant entered the penitentiary system and was placed in the special alternative incarceration unit or "boot camp" program. After completion of the program on November 20, 2001, he was released and administratively granted probation by the Commissioner of Correction.

A warrant was issued on February 21, 2002, alleging that the Appellant had violated conditions of his release. Specifically, the warrant listed the following violations:

> Violation of Rule #5, "I will work steadily at a lawful occupation. If I become unemployed, I will immediately report this to my Probation/Parole Officer and will begin to look for another job." To wit: The defendant quit his job at Skoby's restaurant on 2-14-02 and did not report this to Hay House staff or this officer.

> Violation of Rule #7, "I will allow my Probation/Parole Officer to visit my home, employment site, and will carry out all lawful instructions he/she gives. . . ." to wit: A) The defendant was instructed to reside in the John R. Hay House and follow all of their instructions. The defendant has failed to follow instructions of Hay House staff and has committed numerous house infractions to the point of being dismissed from the Hay House.

> B) The defendant was administratively placed on Intensive Probation and advised of a 6:00 pm- 6:00 am curfew.

>> 1) The defendant signed out from the Hay House at 3:30 pm on 2-14-02 and signed back in as returning from work at 1:05 am. The kitchen mgr. at Skoby's stated that the defendant left the restaurant between 6:00 and 8:00 pm that evening and did not return.
>> 2) On 2-15-02, the defendant signed out of the Hay House at 2:00 pm to work and did not return until 12:46 am. The defendant did not work on this date.
>> 3) On 2-19-02 the defendant signed out to job search at 7:40 am without permission and did not return until 10:00 pm.

---

[1]For the January indicted offenses, the Appellant received concurrent sentences of two years for theft of property over $500 and two years for the forgery conviction. For the July indicted offenses, the Appellant received concurrent sentences of four years for the aggravated burglary conviction and two years for the theft over $500 conviction. With regard to this sentence for theft over $500, the judgment form reflects a sentence of four years while the plea agreement form reflects an agreed sentence of two years. Regarding the October indicted offense of failure to appear, the Appellant received a sentence of two years. The sentence for the October indicted offense was run concurrently with the sentences for the January indicted offenses, and the sentences for the January and July indicted offenses were run consecutively to each other, resulting in an effective sentence of six years.

4) At 11:00 pm on 2-19-02 the defendant left the Hay House again without permission.
5) The defendant left the Hay House without permission on 2-20-02 at 8:00 am.

Violation of Rule #8, "I will not use intoxicants. . . . I will not use or have in my possession illegal drugs or marijuana. . . ." to wit: On 1-10-02 at 10:00 am the defendant submitted to an On-Trak drug test that was positive for marijuana and cocaine. The defendant admitted to smoking a "blunt." After testing positive for cocaine this officer questioned the defendant about the positive cocaine slide and he stated that his friends mix the cocaine in with the marijuana cigarette.

On February 28, 2002, another warrant was issued, alleging the following violations:

Violation of Rule #7, "I will allow my Probation/Parole Officer to visit my home, employment site. . . and will carry out all lawful instructions he/she gives. . . ." to wit:
A) The defendant was to abide by the rules of the John R. Hay House and staff. The defendant was advised by Ken Whiten of the John R. Hay House to remain at their facility until this officer was notified. The defendant left the John R. Hay House without the staff's knowledge or consent.
B) The defendant was instructed to attend alcohol and drug classes at the Day Reporting Center. The defendant failed to attend the Day Reporting Center as directed.

Violation of Rule #8, "I will not use intoxicants. . . . I will not use or have in my possession illegal drugs or marijuana. . . ." to wit: On 2-21-02 at 8:10 am the defendant submitted to an On-Trak drug test at the John R. Hay House that was positive for cocaine.

A revocation hearing was held on May 16, 2002. Regarding the February 21st warrant, the Appellant was found to be in violation of Rule 5; Rule 7, allegations B3, 4, and 5; and Rule 8. On the February 28th warrant, the Appellant was found to be in violation of Rule 7, allegation A, and Rule 8. The trial court revoked the Appellant's probationary status and ordered him to serve the remainder of his six-year sentence in the Department of Correction. This timely appeal followed.

## ANALYSIS

The Appellant argues that trial court erred "by failing to consider alternatives to revoking [his] probation." The Appellant does not contest the grounds supporting revocation; rather, he argues that the trial court abused its discretion by imposing the original sentence of incarceration rather than extending the period of probation or modifying the conditions of probation.

This court reviews a revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)). This means that the evidence need only show that the trial judge has exercised "conscientious and intelligent judgment in making the decision rather than acting arbitrarily." *State v. Leach*, 914 S.W.2d 104, 107 (Tenn. Crim. App.1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment. If the trial court finds by a preponderance of the evidence that the defendant has violated a condition of his probation, the court has the authority to revoke the probation and reinstate the judgment as originally entered. Tenn. Code Ann. § 40-35-311(d).

In the present case, the Appellant's flagrant abuse of his judicially granted liberty is indefensible. The primary goal of non-institutional punishment is to provide a period of grace in order to assist the rehabilitation of a penitent offender. *Burns v. United States*, 287 U.S. 216, 220, 53 S. Ct. 154, 155 (1932). The record is undisputed that the Appellant continued to use drugs and violated, with impunity, the conditions of his probation. His conduct demonstrates that he is unrepentant. In the case before us, the trial court was statutorily authorized to reinstate the Appellant's original six-year Department of Correction sentence. Accordingly, no abuse of discretion is shown.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court did not abuse its discretion in ordering revocation of the Appellant's six-year sentence. The judgment of the Sullivan County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE