IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs November 16, 2004

## STATE OF TENNESSEE v. GREGORY MULLINS

**Appeal from the Criminal Court for Sullivan County**
**No. S42, 253-256      R. Jerry Beck, Judge**

_____

### No. E2004-00628-CCA-R3-CD - Filed February 3, 2005

_____

The Appellant, Gregory Mullins, appeals the decision of the Sullivan County Criminal Court revoking his probation and ordering him to serve the remainder of his sentence in confinement. In March 2003, Mullins pled guilty to three counts of burglary, three counts of theft under $500, two counts of theft over $1000, evading arrest, and speeding. Mullins' effective eight-year sentence was suspended, and he was placed on supervised probation. On October 1, 2003, and October 10, 2003, probation violation warrants were filed against Mullins. After a revocation hearing was held on the October 10th warrant, he was found to be in violation of his probation, and his original sentences to the Department of Correction were reinstated. On appeal, Mullins does not contest the trial court's findings that he violated the terms of his probation. Rather, he argues that the trial court abused its discretion by ordering confinement rather than reinstating his probation with more restrictive conditions. After review, we find no error and affirm the judgment of the trial court.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Joseph F. Harrison, Assistant Public Defender, Blountville, Tennessee, for the Appellant, Gregory Mullins.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Seth P. Kestner, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph E. Perrin, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## Factual Background

On March 10, 2003, the Appellant pled guilty to three counts of burglary, three counts of theft under $500, two counts of theft over $1000, evading arrest, and speeding. He was sentenced as a Range III persistent offender to concurrent sentences, resulting in an effective sentence of eight years. The Appellant's sentences were suspended, and he was placed on supervised probation.

On October 1, 2003, a violation warrant was filed against the Appellant alleging that he had violated the terms of his probation by committing domestic assault, failing to report his arrest in a timely manner, failing to display his probation identification card when he was arrested, and engaging in assaultive, abusive, threatening, or intimidating behavior. A second violation warrant was filed against the Appellant on October 10, 2003, alleging that he had again violated the terms of his probation. Specifically, the warrant charged that he violated the rules of probation by committing two counts of violation of vehicle registration, speeding, evading arrest, felony evading arrest, driving on a suspended license, two counts of no driver's license in possession, and identity theft. Additionally, the warrant alleged that the Appellant had failed to report his arrest for these offenses and failed to display his probation identification card.

During the February 26, 2004 revocation hearing, the State, by agreement, proceeded upon the October 10th violation warrant. Officer Kevin Hite testified that in the early morning hours of September 28, 2003, he stopped the Appellant's vehicle in a high crime area because the license "tag" on the truck did not match the vehicle. The Appellant identified himself as Brandon Lee Wood but was unable to produce any identification. Hite was unable to find a driver's license issued to "Brandon Lee Wood," and he issued misdemeanor citations to the Appellant for driving without a license and violation of registration. Before leaving the scene, Hite instructed the Appellant not to drive the vehicle again. The Appellant agreed to have the vehicle towed.

Approximately twenty minutes later, Hite observed the Appellant driving down the street in the same vehicle. He attempted to stop the vehicle a second time, but, upon seeing the police car, the Appellant accelerated to a speed of approximately sixty miles per hour. Hite pursued the vehicle until the Appellant parked the vehicle behind a business, exited the vehicle, and fled on foot. The Appellant was eventually apprehended and arrested. The Appellant still maintained that he was Brandon Lee Wood and, at no time, did he inform the officer that he was on probation or show him his identification card. Hite eventually ascertained the Appellant's true identity and determined that his driver's license was suspended.

The Appellant's probation officer, Traci Arnold, also testified at the hearing. She stated that she had reviewed the rules of probation with the Appellant, including the rule requiring the Appellant to show his probation card when he came into contact with law enforcement officers. She also testified that the Appellant had failed to report his September 28, 2003 arrest within seventy-two hours as required by the rules of probation. She further testified that the Appellant had attended

required meetings with her, that he was current with his payment of fees, and that he was employed when she last spoke with him.

At the conclusion of the revocation hearing, the trial court found that several violations had been established by a preponderance of the evidence. First, the court found a violation of rule 1, that the Appellant would obey the laws of the State, based upon his September 28, 2003 arrest for two counts of violation of registration, two counts of no driver's license in possession, speeding, evading arrest, felony evading arrest, and driving on a suspended license.[1] Further, the court found that the Appellant had committed violations of rule 5 by failing to carry and present his probation identification card to authorities when he was arrested and of rule 2 by failing to report his arrest within seventy-two hours. Finding the Appellant guilty of these violation and "finding no mitigation at all in the case," the trial court revoked the Appellant's probation and ordered the remainder of his eight-year sentence be served in confinement. This appeal followed.

**Analysis**

The Appellant argues that the trial court abused its discretion by revoking his probation without considering mitigating evidence established at the revocation hearing. Specifically, the Appellant asserts that the trial court erred "by not reinstating his probation with the possible addition of more restrictive conditions of probation such as placement in the community corrections program."

This court reviews a revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). This means that the evidence need only show that the trial judge has exercised conscientious and intelligent judgment in making the decision rather than acting arbitrarily. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment. If the trial court finds, by a preponderance of the evidence, that the defendant has violated a condition of his probation, the court has the authority to revoke the probation and reinstate the judgment as originally entered. Tenn. Code Ann. § 40-35-311(e) (2003).

In the present case, the Appellant does not challenge the trial court's findings that he violated the conditions of his probation but rather argues that the decision to reinstate the original sentence is too harsh because the trial court failed to consider mitigation evidence. While it is true that the Appellant did follow certain rules of probation, including attending regular meetings, performing community service, and timely paying his fees, the record also amply establishes, by a preponderance of the evidence, that numerous violations occurred. In addition to committing the various crimes,

---

[1]We note that the trial court did not find that the State had established identity theft by a preponderance of the evidence.

the Appellant lied to police about his identity and committed the offenses of violation of registration and driving without a driver's license a second time after specifically being told by Officer Hite not to do so.

The primary goal of non-institutional punishment is to provide a period of grace in order to assist the rehabilitation of a penitent offender. *Burns v. United States*, 287 U.S. 216, 220, 53 S. Ct. 154, 155 (1932). The Appellant's conduct demonstrates that he is unrepentant. The record indicates that the Appellant has previously been granted probation on several occasions. His continued flagrant abuse of his judicially granted liberty is indefensible. In the case before us, the trial court was statutorily authorized to reinstate the Appellant's original eight-year Department of Correction sentence.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court did not abuse its discretion in ordering revocation of the Appellant's probation and ordering him to serve the balance of his original sentences in confinement. Accordingly, the judgment of the Sullivan County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE