RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0375P (6th Cir.)
File Name: 03a0375p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*        No. 03-5545

DAWN MARIE BUJAK,
    *Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 00-00103—Thomas A. Wiseman, Jr., District Judge.

Submitted: July 15, 2003

Decided and Filed: October 23, 2003

Before: MERRITT, MARTIN, and COLE, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:** Hershell D. Koger, Pulaski, Tennessee, for Appellant. S. Carran Daughtrey, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee.

———————————

**OPINION**

———————————

BOYCE F. MARTIN, JR., Circuit Judge. Dawn Marie Bujak, represented by counsel, appeals a district court judgment revoking her probation and imposing a six month term of imprisonment. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In October 2000, Bujak pleaded guilty to obtaining possession of a controlled substance by misrepresentation in violation of 21 U.S.C. § 843(a)(3). The court sentenced her to three years of probation, ordering her to comply with the standard conditions of probation and the following special conditions: 1) that she participate in a program of drug testing and substance abuse treatment; 2) that she submit to random urine screens; and 3) that she pay two hundred dollars per month toward the cost of supervision. In January 2002, the district court extended Bujak's supervision by one year as a result of her violation of the conditions of her probation. Thereafter, on February 14, 2003, the district court issued a warrant for Bujak's arrest based on her continued non-compliance with the conditions of her probation.

The district court held a revocation hearing, during which Bujak acknowledged that she had violated her probation by failing to participate in substance abuse counseling, failing to submit to urinalysis, failing to submit supervision reports, and failing to pay two hundred dollars per month toward the cost of supervision. The district court revoked Bujak's probation and sentenced her to six months of incarceration. Bujak has filed a timely appeal, arguing that the district court improperly revoked her probation and that the six month sentence was unreasonable.

Upon review, we conclude that the district court properly revoked Bujak's probation. Probation revocation hearings involve two analytically distinct stages: 1) a factual determination of whether the probationer has violated a condition of probation; and 2) a discretionary determination of whether violation of a condition warrants revocation of probation. *See Black v. Romano*, 471 U.S. 606, 611 (1985). There do not appear to be any Sixth Circuit cases directly on point with respect to the burden of proof necessary to establish a probation violation. However, this Court has held that, in order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of her supervised release. *See United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000). We now hold that the preponderance of the evidence standard also applies to determinations of whether a probationer has violated a condition of probation. As stated above, Bujak readily acknowledged that she had violated the terms of her probation by failing to participate in substance abuse counseling, failing to submit to urinalysis, failing to submit supervision reports, and failing to pay two hundred dollars per month toward the cost of supervision.

The district court properly determined that Bujak's violations warranted revocation of her probation. Appellate courts review a district court's decision to revoke probation for an abuse of discretion. *See Burns v. United States*, 287 U.S. 216, 222 (1932); *Cofield*, 233 F.3d at 406. Where the court determines that the defendant has violated probation, the court can either continue probation or revoke probation in favor of incarceration. *See* 18 U.S.C. § 3565(a); USSG § 7B1.3(a)(2). Revocation of probation is mandatory, however, where a defendant refuses to comply with a condition requiring drug testing. *See* 18 U.S.C. § 3565(b)(3); *United States v. Coatoam*, 245 F.3d 553, 560 (6th Cir. 2001). Here, Bujak admitted that she had failed to submit to urinalysis testing as ordered by the conditions of her probation. Hence, the district court did not abuse its discretion when it revoked her probation.

This Court has not had occasion to decide the appropriate standard of review to apply when reviewing a sentence imposed by the district court following revocation of probation. We now hold, however, that such a sentence should be reviewed for abuse of discretion--the same standard that we have applied when reviewing sentences imposed following revocation of supervised release. *See United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998). We find that the district court did not abuse its discretion in sentencing Bujak to six months of imprisonment. Pursuant to 18 U.S.C. § 3565(a)(2), a judge who revokes a defendant's probation must resentence the defendant by considering the factors set forth in 18 U.S.C. § 3553(a). These factors include: "the nature of the offense; the need to deter criminal conduct, to protect the public, and to provide [the] defendant with appropriate treatment; any guideline range for sentencing; guideline policy statements; and avoidance of unwarranted disparities." *Id*. The district court need not make specific findings with respect to each of these factors. *See Washington*, 147 F.3d at 491-93. Rather, the district court need only articulate enough of its reasoning to permit an informed appellate review. *See United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999).

Contrary to Bujak's assertion, the district court provided sufficient reasoning to permit this Court to review its judgment. First, a review of the revocation hearing transcript clearly reflects that the proof of Bujak's probation violations touched upon several of the relevant sentencing factors. For instance, the nature and circumstances of Bujak's violations were clearly set forth during the hearing when Bujak was afforded the opportunity to explain the violations to the court. Second, immediately prior to sentencing Bujak, the court stated that Bujak had been given "a lot of breaks," and that she had "not been able to respond to any of that so we are going to try something else." The court informed her that she needed to learn that her actions have consequences. This clearly addresses the need for the sentence to reflect the seriousness of the offense and to promote respect for the law.

It also reflects the need to deter any future criminal conduct by Bujak.    Hence, the district court did not abuse its discretion when it sentenced Bujak to six months of incarceration.

Accordingly, we affirm the district court's judgment. *See* 6 Cir. R.  34(j)(2)(C).