**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kandi LASLEY, Defendant–Appellant.**

**No. 03–3695.**

United States Court of Appeals,
Sixth Circuit.

Dec. 15, 2003.

Margaret Mary Quinn, Dayton, OH, for Plaintiff-Appellee.

Kandi Lasley, Alderson, WV, Melynda W. Cook-Reich, Schad & Cook, Indian Springs, OH, for Defendant-Appellant.

Before BATCHELDER and SUTTON, Circuit Judges; and BELL, Chief District Judge.*

## ORDER

Kandi Lasley, represented by counsel, appeals a district court judgment sentencing her to six months of imprisonment, following the revocation of her probation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In February 2000, Lasley pleaded guilty to conspiracy to manufacture and utter counterfeit obligations, in violation of 18 U.S.C. § 371. The court sentenced Lasley to three years of probation, and imposed a $100 special assessment and $1,910.08 in restitution, to be paid on a regular basis. The court also ordered Lasley to complete seventy-five hours of community service in the first eighteen months of probation, to obtain and maintain full-time employment, to work out a plan for substance abuse programs, and to visit a psychiatrist and out-patient substance abuse program.

Thereafter, on June 18, 2001, the government filed a petition, alleging that Lasley had violated her probation by failing to attend scheduled appointments with her probation officer, by failing to maintain a schedule of payments toward her special assessment and restitution, and by failing to perform community service as ordered. On August 1, 2001, Lasley appeared before the court and admitted to these probation violations. The court continued final disposition several times. Finally, on May 2, 2003, the district court determined that Lasley had failed to demonstrate that she could live in the community, revoked her probation, and sentenced her to six months of imprisonment with no supervised release.

On appeal, Lasley's counsel has filed a motion to withdraw her representation pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and she submits the following issue for review: whether the district court properly revoked Lasley's probation.

■ Upon review, we conclude that the district court properly revoked Lasley's probation. Appellate courts review a district court's decision to revoke probation for an abuse of discretion. *Burns v. United States,* 287 U.S. 216, 222, 53 S.Ct. 154, 77 L.Ed. 266 (1932); *United States v. Bujak,* 347 F.3d 607, 609 (6th Cir.2003). Probation revocation hearings involve two analytically distinct stages: 1) a factual question regarding whether the probationer has violated a condition of probation; and 2) a discretionary determination regarding whether the violation of a condition warrants revocation of probation. *Black v. Romano,* 471 U.S. 606, 611, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). This court has recently held that the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of her probation. *Bujak,* 347 F.3d at 609. As stated above, Lasley readily acknowledged that she had violated the terms of her probation by failing to attend scheduled appointments with her probation officer, by failing to maintain a schedule of payments toward her special

---

* The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

assessment and the order of restitution, and by failing to perform community service as ordered.

The district court also properly determined that Lasley's violations warranted revocation of her probation. Lasley's arguments concerning her parental status and her low income do not entitle her to have her probation continued. The sentencing judge expressed his understanding of Lasley's circumstances and the difficulties that she faced, and he afforded her the opportunity to work with her attorney and the probation officer to come up with a plan that was "reasonable in terms of the defendant's situation so that it has a reasonable probability of success." However, despite the court's decision to grant her numerous continuances to meet the conditions of her probation, the probation officer noted that Lasley had not completed any additional hours of community service, that she tested positive for marijuana use as recently as February 14 and March 14, 2003, that she failed to attend drug counseling sessions at Nova House, and that she continued to miss scheduled meetings with her probation officer.

█ In addition, we have reviewed the record and discovered no error warranting reversal of the district court's decision to sentence Lasley to six months of imprisonment. This court has held that it reviews a sentence following revocation of probation for an abuse of discretion. *Bujak*, 347 F.3d at 609–10. Pursuant to 18 U.S.C. § 3565(a)(2), a judge who revokes a defendant's probation must resentence the defendant by considering the factors set forth in 18 U.S.C. § 3553(a). These factors include: "the nature of the offense; the need to deter criminal conduct, to protect the public, and to provide [the] defendant with appropriate treatment; any guideline range for sentencing; guideline policy statements; and avoidance of un-

warranted disparities." *Id.* at 610. The district court need not make specific findings with respect to each of these factors. *Id.* Rather, the district court need only articulate enough of its reasoning to permit an informed appellate review. *Id.*

The record reflects that the district court provided sufficient reasoning to permit this court to review its judgment. First, a review of the August 1, 2001, hearing transcript clearly reflects that the proof of Lasley's probation violations touched upon several of the relevant sentencing factors. For instance, the nature and circumstances of Lasley's violations were clearly set forth during the hearing. Second, prior to sentencing Lasley, the court stated that she had been given "numerous opportunities to demonstrate that she belongs in the community" and that she had failed to do so. The sentencing judge had previously expressed to Lasley that he did not wish to send her to prison, but that "there comes a time when, after four and five and a half dozen chances, there aren't a lot of choices left." This clearly addresses the need for the sentence to promote respect for the law. Finally, the probation officer's report indicated that Lasley had tested positive for recent marijuana use, and Lasley did not dispute that contention or offer any explanation when the court granted her the opportunity to respond. Hence, the court's decision to revoke her probation also reflects the need to deter any future criminal conduct by Lasley.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.