**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kathy S. HALE, aka Kathy Camacho,**
**Defendant–Appellant.**

**No. 04–5028.**

United States Court of Appeals,
Sixth Circuit.

April 23, 2004.

Linda Harris, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Edwin A. Perry, Office of the Federal Public Defender, Memphis, TN, for Defendant–Appellant.

Kathy S. Hale, Mason, TN, pro se.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

## ORDER

Kathy Hale, aka Kathy Camacho, appeals a district court judgment sentencing her to six months of imprisonment following the revocation of her probation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hale pleaded guilty to making a false statement regarding employment in violation of 18 U.S.C. § 1001 and aiding and abetting in the false or fraudulent use of a Social Security number in violation of 42 U.S.C. §§ 408(a)(7)(B) and 2. On September 6, 2002, the district court sentenced Hale to three years probation with twelve months to be served in home detention. On November 4, 2003, the United States Probation Office petitioned the district court to revoke Hale's probation. Hale stipulated that she had violated two of the conditions of her probation by failing to submit monthly report forms and by failing to pay the restitution ordered by the district court, both Grade C violations. *See* USSG § 7B1.3(a)(3). The district court conducted a hearing at which the court heard testimony and determined that Hale had also violated the terms of her probation by failing to attend counseling sessions as directed and by failing to comply with the conditions of home incarceration. Consequently, the district court revoked Hale's probation and sentenced her to six months of imprisonment with no supervised release to follow.

On appeal, Hale's counsel has filed a motion to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Hale has filed a pro se appellate brief in response to her attorney's motion to withdraw.

Upon review, we hereby grant the motion to withdraw as as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Believing the appeal to be without merit, counsel submits the following issues for review: 1) whether the district court properly revoked Hale's probation; and 2) whether the district court could have imposed a lesser sentence on Hale. In her pro se appellate brief, Hale: 1) reiterates the issue of whether the district court properly revoked her probation; 2) questions whether defense counsel properly represented her; 3) charges the probation officer with abuse of power; and 4) asserts her absolute innocence of the underlying criminal convictions.

Appellate courts review a district court's decision to revoke probation for an abuse of discretion. *Burns v. United States*, 287 U.S. 216, 222, 53 S.Ct. 154, 77 L.Ed. 266 (1932); *United States v. Bujak*, 347 F.3d 607, 609 (6th Cir.2003). Probation revocation hearings involve two analytically distinct stages: 1) a factual question regarding whether the probationer has violated a condition of probation; and 2) a discretionary determination regarding whether the violation of a condition warrants revocation of probation. *Black v. Romano*, 471 U.S. 606, 611, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). The sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of her probation. *Bujak*, 347 F.3d at 609. Where the court determines that the defendant has violated probation, the court can either continue probation or revoke probation in favor of incarceration. *See* 18 U.S.C. § 3565(a); USSG § 7B1.3(a)(2).

The district court properly determined that Hale's violations warranted revocation

of her probation. As stated above, Hale readily acknowledged that she had violated the terms of her probation by failing to submit monthly report forms and by failing to pay the restitution ordered by the district court. In addition, the district court heard credible testimony that Hale had also violated the terms of her probation by failing to attend counseling sessions as directed and by failing to comply with the conditions of home incarceration.

The district court did not abuse its discretion when it sentenced Hale to six months of incarceration. A review of the revocation hearing transcript clearly reflects that the proof of Hale's probation violations touched upon several of the relevant sentencing factors. For instance, the nature and circumstances of Hale's violations were clearly set forth during the hearing when Hale was afforded the opportunity to explain the violations to the court. Second, the court heard the government's argument that Hale had been given a very lenient sentence, had been placed on probation, provided special conditions, and a special contract for the counselor of her choice. The district court stated that Hale was not a good candidate for supervised release because she exhibited a consistent pattern of non-compliance with the court-imposed conditions of probation, and that she was going to have to cope with her own problems without assistance from the probation office. Thus, the court informed Hale that she needed to learn that her actions have consequences. This clearly addresses the need for the sentence to reflect the seriousness of the offense and to promote respect for the law. It also reflects the need to deter any future criminal conduct by Hale. Hence, the district court did not abuse its discretion when it sentenced Hale to six months of incarceration. *See United States v. Twitty,* 44 F.3d 410, 414 (6th Cir.1995). The court's statements were sufficient to permit informed appellate review, and the sentence imposed showed consideration of the nature of the offense and the kind of sentence available. *See* 18 U.S.C. §§ 3553 & 3742(a)(4); *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir.1999); *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998).

The record also reveals that Hale was afforded the required procedural safeguards. *See* Fed.R.Crim.P. Rule 32.1(b)(2); *Black,* 471 U.S. at 612; *United States v. Waters,* 158 F.3d 933, 944 (6th Cir.1998). She received written notice of the violations, was appointed counsel, and was present at the hearing where the court afforded Hale ample opportunity to allocute and to present any evidence. Finally, the court issued a statement as to the evidence relied on and the reasons for revoking probation.

Inasmuch as Hale readily acknowledged that she had violated the terms of her probation by failing to submit monthly report forms and by failing to pay the restitution ordered by the district court, her pro se claim that the probation officer abused her power is meritless.

To the extent that Hale might wish to assert an ineffective assistance of counsel claim, that claim is not reviewable in this proceeding. Generally, ineffective assistance of counsel claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review, and hence, they are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *United States v. Shabazz,* 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser,* 241 F.3d 460, 474 (6th Cir.2001). The customary procedure is to permit the defendant to raise her ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255, where, if necessary, additional evidence, including

an evidentiary hearing, may be permitted. *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Tucker,* 90 F.3d 1135, 1143 (6th Cir.1996). There exists no justification for departing from the customary procedure in this case.

Any assertion by Hale regarding her innocence of the underlying criminal convictions is untimely. *See United States v. Wrice,* 954 F.2d 406, 408 (6th Cir.1992).

We have further examined the record in this case, including the transcript of Hale's probation revocation hearing, and found no reversible error apparent from the record.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. We hereby deny all other outstanding motions.