UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Angel RODRIGUEZ, Jr.,
Defendant–Appellant.

No. 03–2058.

United States Court of Appeals,
Sixth Circuit.

June 22, 2004.

Michael L. Schipper, Asst. U.S. Attorney, U.S. Attorney's Office, Grand Rapids, MI, for Plaintiff–Appellee.

**474**

Paul L. Nelson, Federal Public Defenders Office, Grand Rapids, MI, for Defendant–Appellant.

Before: DAUGHTREY and SUTTON, Circuit Judges; and COOK, District Judge.*

### ORDER

Jose Angel Rodriguez, Jr., appeals from a district court order revoking his term of supervised release. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Rodriguez was convicted of conspiracy to distribute a controlled substance in violation of 18 U.S.C. §§ 846 and 841(a)(1) in the United States District Court for the District of Connecticut. The district court sentenced Rodriguez to 70 months of imprisonment and eight years of supervised release. Rodriguez was released from prison and began serving his term of supervised release in December 1998. Jurisdiction over his supervised release subsequently was transferred to the United States District Court for the Western District of Michigan.

In October 2002, the probation office issued a supervised release violation report, indicating that Rodriguez had violated the conditions of his supervised release. Rodriguez had been arrested and convicted in Michigan state court of first degree criminal sexual conduct and delivery of a controlled substance for the purpose of committing criminal sexual conduct. Although Rodriguez maintained his innocence of these crimes, he acknowledged his state court convictions and admitted that they constituted a violation of his supervised release. Consequently, the district court revoked Rodriguez's supervised release and sentenced him to sixty months of imprisonment, to run consecutively to his state court sentence; the court did not impose another term of supervised release. In this timely appeal, Rodriguez argues that: 1) the district court did not consider the factors set forth in 18 U.S.C. § 3553 when imposing his sentence; and 2) the district court abused its discretion in imposing his sentence to run consecutively to his state court sentence.

Upon review, we conclude that the district court properly sentenced Rodriguez. This court reviews the district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998).

The district court did not abuse its discretion in sentencing Rodriguez. Rodriguez argues that the court did not sufficiently consider the factors listed in § 3553. Before imposing sentence, the court must consider the § 3553 factors, including the nature of the offense and the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment. *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir.1999); *Washington,* 147 F.3d at 492. However, the court does not need to make specific findings relating to each factor nor recite "magic words" reflecting its consideration of these issues. *McClellan,* 164 F.3d at 310. Rather, the court must articulate at least enough of its reasoning to permit informed appellate review. *United States v. Bujak,* 347 F.3d 607, 610 (6th Cir.2003); *McClellan,* 164 F.3d at 310. The record reflects that the court gave

* The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation.

sufficient consideration to the factors in § 3553.

Rodriguez also argues that the district court improperly imposed his new sentence to run consecutively with his state court sentence. Under USSG § 5G1.3(c), p.s., the district court may impose the defendant's sentence to run concurrently, partially concurrently, or consecutively to a prior undischarged term of imprisonment, as is necessary to achieve a reasonable punishment for the instant offense. In exercising this discretion, the court should consider: 1) the type and length of the prior undischarged sentence; 2) the time served on the undischarged sentence and the time likely to be served before release; 3) the fact that the prior undischarged sentence may have been imposed in state court; 4) the factors set forth in § 3553; and 5) any other circumstance relevant to the determination of an appropriate sentence. USSG § 5G1.3, comment. (n.3(A)). This court reviews a district court's decision to impose a sentence to run consecutively under § 5G1.3 for an abuse of discretion. *United States v. Campbell*, 309 F.3d 928, 930 (6th Cir.2002), *cert. denied*, 537 U.S. 1224, 123 S.Ct. 1333, 154 L.Ed.2d 1084 (2003). We conclude that the district court did not abuse its discretion in imposing a consecutive sentence.

Accordingly, we affirm the district court's judgment.