UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4279

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RACHEL RAYNOR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (CR-03-66)

Submitted:  August 24, 2005          Decided:  September 8, 2005

Before WILKINSON, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles L. Pincus, III, CHARLES L. PINCUS, III, P.C., Virginia Beach, Virginia, for Appellant.  Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rachel Raynor appeals from the district court's order revoking her probation and sentencing her to fifteen months' imprisonment followed by three years of supervised release. Raynor's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal. Raynor has been notified of her right to file a pro se supplemental brief but has not done so.

Raynor does not challenge the district court's finding that she violated the terms of her probation. The only issue Raynor raises on appeal is whether the district court abused its discretion in sentencing her to a fifteen-month term of imprisonment upon revocation of probation. The fifteen-month sentence imposed by the district court is within the statutory maximum. See 18 U.S.C. § 495 (2000) (providing for a ten-year maximum). Because Raynor's sentence does not exceed the statutory maximum, we review the sentence only to determine whether it is "plainly unreasonable." 18 U.S.C. § 3742(a)(4) (2000).[*] The

_____

[*]The Sixth Circuit has applied the abuse of discretion standard when it reviewed a prison sentence following the revocation of probation. United States v. Bujak, 347 F.3d 607 (6th Cir. 2003). However, they applied this standard using their revocation of supervised release precedent, and in that precedent they use both the abuse of discretion standard and the plainly unreasonable standard. See United States v. Washington, 147 F.3d 490, 491 (6th Cir. 1998). As we review prison sentences following the revocation of supervised release under the plainly unreasonable

- 2 -

fifteen-month sentence was reasonable because Raynor violated her probation responsibilities in several respects, including failing to report to her probation officer on numerous occasions and repeatedly failing to comply with a restitution order.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

standard, we also review sentences following the revocation of probation only to determine whether they are plainly unreasonable.