**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4184**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIELENA LEDY MARTINEZ,

Defendant - Appellant.

**No. 09-4185**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIELENA LEDY MARTINEZ,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge.  (7:05-cr-00253-HFF-4; 7:08-cr-00112-HFF-2)

Submitted:  May 24, 2010            Decided:  June 18, 2010

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2006, the district court sentenced Marielena Ledy Martinez to four years of probation after she pleaded guilty to being an accessory after the fact to possession with intent to distribute fifty grams or more of cocaine base, in violation of 18 U.S.C. § 3 (2006). In July 2008, Martinez pleaded guilty to conspiracy to murder a federal law enforcement official with intent to retaliate for the performance of official duties, in violation of 18 U.S.C. § 115(a)(1)(A) (2006). As a result of her arrest on the conspiracy charge, Martinez was charged with a violation of her probation, which she admitted. The district court sentenced Martinez to 216 months of imprisonment for the conspiracy conviction, plus a consecutive term of eighteen months for her probation violation. Martinez appeals. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising four issues but stating that there are no meritorious issues for appeal. Martinez was informed of her right to file a pro se supplemental brief but did not do so. We affirm in part, vacate in part, and remand.

In the Anders brief, counsel first questions whether the district court complied with the requirements of Federal Rule of Criminal Procedure 11. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must

3

inform the defendant of, and determine that she understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty she faces, and the various rights she is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002).

Because Martinez did not move in the district court to withdraw her guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Martinez] must show that an error occurred, that the error was plain, and that the error affected [her] substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Martinez satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). Because our review of the transcript reveals substantial compliance with the

4

requirements of Rule 11, we conclude that Martinez pleaded guilty knowingly and voluntarily.

Counsel next questions whether the district court's sentence for the conspiracy conviction was reasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. This court then "'consider[s] the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 129 S. Ct. 476 (2008). If the sentence is within the guidelines range, we apply a presumption of reasonableness. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006); see Rita v. United States, 551 U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

5

Moreover, a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). While "[t]his individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." Carter, 564 F.3d at 330 (internal quotation marks and citation omitted). In addition, "[w]here [the parties] present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments." Carter, 564 F.3d at 328 (internal quotation marks and citation omitted).

As long as a defendant "draw[s] arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). When the claim is preserved, this court reviews the claim for an abuse of discretion. Id. at 576, 579. If the district court abused its discretion, this court will "reverse unless . . . the

6

error was harmless." Id. at 576. Where the district court commits error, the Government bears the burden of demonstrating that the error was harmless. Id. at 585.

Here, Martinez preserved this issue for appellate review as she requested a sentence below the advisory guidelines range. The district court failed to address Martinez's nonfrivolous reasons for a below-guidelines sentence and to adequately explain the chosen sentence. Furthermore, as the Government elected not to file a brief, it has failed to carry its burden of demonstrating that the error was harmless. Accordingly, Martinez's sentence is procedurally unreasonable and must be vacated.

Counsel next questions whether the district court erred in revoking Martinez's probation. Appellate courts review a district court's decision to revoke probation for abuse of discretion. See Burns v. United States, 287 U.S. 216, 222 (1932); United States v. Bujak, 347 F.3d 607, 609 (6th Cir. 2003); Gov't of the Virgin Islands v. Martinez, 239 F.3d 293, 301 (3d Cir. 2001). The district court need only find a violation of a term of probation by a preponderance of the evidence. Bujak, 347 F.3d at 609. Here, Martinez admitted that she violated the terms of her probation and pleaded guilty to the new criminal conduct that formed the basis for the charged

violation. We therefore conclude that the district court did not abuse its discretion in revoking Martinez's probation.

Finally, counsel questions whether the district court's sentence upon revocation of probation was plainly unreasonable. Upon a finding of a probation violation, the district court may revoke probation and resentence the defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2006); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). This court "review[s] probation revocation sentences, like supervised release revocation sentences, to determine if they are plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). We first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." United States v. Crudup, 461 F.3d 433, 438-39 (4th Cir. 2006). However, "[t]his initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." Moulden, 478 F.3d at 656 (quoting Crudup, 461 F.3d at 438). Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Crudup, 461 F.3d at 438.

8

Although a district court must consider the policy statements in Chapter Seven of the sentencing guidelines along with the statutory requirements of 18 U.S.C. § 3553(a), "'the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum.'" Crudup, 461 F.3d at 439 (quoting United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)) (internal quotation marks omitted); see also Moulden, 478 F.3d at 656-57. Such a sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. "The court must provide a statement of reasons for the sentence imposed, as with the typical sentencing procedure, but this statement 'need not be as specific as has been required' for departing from a traditional guidelines range." Moulden, 478 F.3d at 657 (quoting Crudup, 461 F.3d at 438). A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id. at 439. We have thoroughly reviewed the record and conclude that the district court did not commit reversible error in sentencing Martinez on the revocation of probation charge.

We have examined the entire record in accordance with the requirements of Anders and have found no other meritorious issues for appeal. We therefore affirm Martinez's convictions, affirm the sentence imposed after revocation of probation, and

9

vacate the sentence imposed for the conspiracy conviction and remand for resentencing. This court requires that counsel inform Martinez, in writing, of the right to petition the Supreme Court of the United States for further review. If Martinez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martinez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

10