<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 10-4500**

————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALICE M. ALEXANDER,

Defendant - Appellant.

————————————

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, Chief District Judge.  (2:04-cr-00024-REM-1)

————————————

Submitted:  October 14, 2010          Decided:  October 20, 2010

————————————

Before MOTZ, KING, and DAVIS, Circuit Judges.

————————————

Affirmed by unpublished per curiam opinion.

————————————

L. Richard Walker, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alice M. Alexander appeals her probation revocation and six month sentence for one count of credit card fraud in violation of 18 U.S.C. § 1029(a)(2) (2006). After pleading guilty to the offense, Alexander was placed on probation. After allegedly violating the terms of that probation, her probation officer petitioned the district court for the revocation of her probation. The district court concluded that Alexander had violated the terms of her probation in four respects and sentenced her to six months' imprisonment.

We review a district court's decision to revoke probation for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a term of probation by a preponderance of the evidence. United States v. Bujak, 347 F.3d 607, 609 (6th Cir. 2003) (holding preponderance of evidence standard applies to probation violation as well as supervised release revocation); see also United States v. Copley, 978 F.2d 829, 831 fn. (4th Cir. 1992) ("Supervised release and probation differ only in that the former follows a prison term and the latter is in lieu of a prison term.").

Here, the district court found that Alexander did not comply with the terms of her probation by: (1) being convicted of four separate state law offenses (two incidents of

2

shoplifting, illegal disposal of solid waste, and failure to report an accident); (2) failing to report to her probation officer; (3) failing to inform her probation officer that she was arrested or questioned by law enforcement; and (4) failing to provide her probation officer with requested financial information. Alexander does not contest on appeal that she was convicted of violating state laws or that she failed to report being arrested or questioned by law enforcement. Rather, she contends that she cannot be convicted of willfully failing to provide financial information or report to her probation officer because she suffers from adult Attention Defecit Disorder ("A.D.D.").

At the outset, we note that Alexander has waived any challenge to the district court's determination that she broke state laws and failed to inform her probation officer of police contact. These, standing alone, would be sufficient to form the basis of the district court's decision to revoke probation. In any event, however, Alexander's claims are belied by the record. She noted in her testimony at her revocation hearing that often, she failed to comply not because of any memory or concentration issue, but rather because she did not have stamps or long distance telephone service. Based on these representations, we decline to disturb the district court's conclusion that Alexander's probation should be revoked.

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED