**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4125**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

AHMAD RASHARD STEVENS,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   David C. Norton, Chief District
Judge.   (2:05-cr-01095-DCN-1)

_____

Submitted:  October 19, 2010       Decided:  November 12, 2010

_____

Before WILKINSON, KING, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South
Carolina, for Appellant. Sean Kittrell, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In April 2007, the district court sentenced Ahmad Rashard Stevens to five years of probation following Stevens' guilty plea to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a) (2006). In June 2009, Stevens was charged with several violations of his probation, which he admitted. The district court revoked Stevens' probation and sentenced him to forty-two months of imprisonment and Stevens now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Stevens was informed of his right to file a pro se supplemental brief but did not do so. Finding no error, we affirm.

In the Anders brief, counsel first questions whether the district court erred in revoking Stevens' probation. Appellate courts review a district court's decision to revoke probation for abuse of discretion. See Burns v. United States, 287 U.S. 216, 222 (1932); United States v. Bujak, 347 F.3d 607, 609 (6th Cir. 2003); Gov't of the V.I. v. Martinez, 239 F.3d 293, 301 (3d Cir. 2001). The district court need only find a violation of a term of probation by a preponderance of the evidence. Bujak, 347 F.3d at 609. Here, Stevens admitted that he violated the terms of his probation. We therefore conclude

2

that the district court did not abuse its discretion in revoking Stevens' probation.

Counsel next questions whether the sentence imposed following the revocation of probation was plainly unreasonable. Upon a finding of a probation violation, the district court may revoke probation and resentence the defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2006); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). "[W]e review probation revocation sentences, like supervised release revocation sentences, to determine if they are plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). We first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations employed in reviewing original sentences . . . ." United States v. Crudup, 461 F.3d 433, 438-39 (4th Cir. 2006). However, "[t]his initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." Moulden, 478 F.3d at 656 (quoting Crudup, 461 F.3d at 438). Only if we determine that a sentence is procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Id.

Although a district court must consider the policy statements in Chapter Seven of the sentencing guidelines along

with the statutory requirements of 18 U.S.C. § 3553(a), "'the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum.'" Crudup, 461 F.3d at 439 (quoting United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)) (internal quotation marks omitted); see also Moulden, 478 F.3d at 656-57. Such a sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. "The court must provide a statement of reasons for the sentence imposed, as with the typical sentencing procedure, but this statement 'need not be as specific as has been required' for departing from a traditional guidelines range." Moulden, 478 F.3d at 657 (quoting Crudup, 461 F.3d at 438). A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Crudup, 461 F.3d at 439. We have thoroughly reviewed the record and conclude that the sentence imposed is both procedurally and substantively reasonable; it follows, therefore, that the sentence is not plainly unreasonable.

We have examined the entire record in accordance with the requirements of Anders and have found no other meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Stevens, in writing, of the right to petition the Supreme Court

4

of the United States for further review.  If Stevens requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Stevens.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5