**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0132n.06

No. 11-6042

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|                                    |   |                              |
|------------------------------------|---|------------------------------|
| UNITED STATES OF AMERICA,          | ) |                              |
|                                    | ) | **FILED**                    |
| Plaintiff-Appellee,                | ) | **Feb 02, 2012**             |
|                                    | ) | LEONARD GREEN, Clerk         |
| v.                                 | ) | ON APPEAL FROM THE           |
|                                    | ) | UNITED STATES DISTRICT       |
| BRODERICK PRICE,                   | ) | COURT FOR THE  WESTERN       |
|                                    | ) | DISTRICT OF KENTUCKY         |
| Defendant-Appellant.               | ) |                              |
|                                    | ) |                              |

BEFORE: McKEAGUE and WHITE, Circuit Judges; BARRETT, District Judge.[*]

PER CURIAM. Broderick Price appeals a district-court judgment revoking his probation and sentencing him to seven months of imprisonment. We affirm.

In 2010, Price entered a guilty plea to one count of conspiracy to defraud the United States and two counts of uttering forged and counterfeit securities. He was sentenced to three years of probation. Price soon found himself back before the court, as his probation officer reported that Price tested positive for marijuana on five occasions (admitting to four uses), twice failed to report to the probation office when scheduled, had several violations of his electronic-monitoring home detention, and twice failed to attend classes required by his drug-treatment program. At the hearing, the district court found that Price had violated his probation and that it should be revoked. The court rejected counsel's argument that an exception to the mandatory revocation required for three positive

_____

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

drug tests should be made. The court noted that the guidelines sentencing range was four to ten months of imprisonment, and after hearing argument from both counsel and allocution from Price, imposed a sentence of seven months' imprisonment. On appeal, Price argues that the district court abused its discretion in declining to make an exception to mandatory revocation and in sentencing Price to more than the bottom of the guidelines range.

We review a revocation of probation for an abuse of discretion. *United States v. Bujak*, 347 F.3d 607, 609 (6th Cir. 2003). Because Price had more than three positive drug tests, revocation was mandatory under 18 U.S.C. § 3565(b)(4) unless the district court determined that a drug-treatment program would be more suitable, pursuant to 18 U.S.C. § 3563(e). In this case, Price had twice failed to comply with the attendance requirements of his drug-treatment program and tested positive for drug use on multiple occasions. Additionally, the district court recalled that Price had also had his bond revoked on the underlying charges due to drug problems. Under the circumstances, the district court did not abuse its discretion in declining to make an exception to mandatory revocation in favor of a drug treatment program. *Cf. United States v. Crace*, 207 F.3d 833 (6th Cir. 2000).

The sentence of imprisonment imposed upon revocation of probation is reviewed for procedural and substantive reasonableness under an abuse-of-discretion standard. *Bujak*, 347 F.3d at 609-10; *see also United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (reviewing sentence imposed for revocation of supervised release). A sentence within the guidelines range is entitled to a presumption of reasonableness. *Bolds*, 511 F.3d at 581. Price makes only vague and conclusory arguments that his sentence was unreasonable, stating that a sentence at the bottom of the range rather than the middle would have been sufficient. Review of the hearing transcript reveals that the district court considered and addressed the factors raised by Price and his counsel. Price's desire for

a more lenient sentence is an insufficient reason to disturb the district court's judgment. *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007).

Accordingly, the district court's judgment is affirmed.