**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4793**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ROGER KING, JR.,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:03-cr-00032-IMK-8)

---

Submitted:  January 10, 2012     Decided:  February 3, 2012

---

Before SHEDD, WYNN, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Katy J. Cimino, Assistant Federal Public Defender, Clarksburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger King, Jr. appeals the twenty-four month sentence imposed for his violation of the conditions of supervised release that were imposed on his prior federal drug conviction. We affirm.

King's sole argument on appeal is that the district court placed on King the burden of proving that he had not violated the conditions of his supervised release, and that this allocation of the burden of proof constituted reversible error. Because he did not object on these grounds in the district court, our review is for plain error. See United States v. Maxwell, 285 F.3d 336, 339 (4th Cir. 2002). Accordingly, King must identify an error that is plain and that affects his substantial rights. United States v. Massenburg, 564 F.3d 337, 342–43 (4th Cir. 2009). Even where the district court has committed plain error, we will not correct it unless "a miscarriage of justice would otherwise result," meaning that "the error seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings." United States v. Olano, 507 U.S. 725, 736 (1993).

Our review of the record in this case convinces us that any error on the district court's part did not affect King's substantial rights. See United States v. Hastings, 134 F.3d 235, 240 (4th Cir. 1998) (noting that the defendant's

burden on plain error review is to show that the outcome of the proceedings was actually affected by the error). After all, to revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (2006); United States v. Bujak, 347 F.3d 607, 609 (6th Cir. 2003); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

In this case, the district court expressed that it had "no doubt" that King had committed at least the most serious violation of the conditions of his supervised release. The record demonstrates that the district court would have reached this conclusion regardless of whether it had tasked King or the Government with the duty to prove its case by a preponderance. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

AFFIRMED

3