**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4063**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAHSAAN DIANTE PEARSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:13-cr-00075-WO-1)

Submitted:  December 31, 2018                    Decided:  January 11, 2019

Before NIEMEYER and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Frank Joseph Chut, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rahsaan Diante Pearson appeals the district court's judgment revoking his probation and sentencing him to 20 months' imprisonment and 1 year of supervised release. On appeal, Pearson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Pearson has filed a pro se supplemental brief raising a host of claims challenging, among other things, the district court's revocation decision, the revocation hearing procedure, and the legality of his sentence. For the reasons that follow, we affirm.

A district court may revoke a defendant's probation if it "find[s] by a preponderance of the evidence that [the] defendant has violated a condition of [his] . . . probation." *United States v. Bujak*, 347 F.3d 607, 609 (6th Cir. 2003); *see* 18 U.S.C. § 3565 (2012). Because Pearson failed to object to the district court's revocation decision, we review only for plain error. *See United States v. Maxwell*, 285 F.3d 336, 338 (4th Cir. 2002).

In 2013, Pearson pleaded guilty to destruction of a mail receptacle, in violation of 18 U.S.C. § 1705 (2012), and the district court sentenced him to five years' probation. While Pearson was on probation, his probation officer filed a violation petition after the state of North Carolina charged Pearson with various mail-related larceny offenses. While the petition was pending, a federal grand jury returned an indictment charging him with theft or receipt of stolen mail matter, in violation of 18 U.S.C. § 1708 (2012). Pearson proceeded to trial, where the jury deadlocked, resulting in a mistrial. The probation officer amended the revocation petition the following day. At the subsequent

2

revocation hearing, the district court relied on the evidence from the jury trial in determining that Pearson had violated a condition of his probation.

Pearson contends that sufficient evidence failed to support his probation revocation. However, our review of the trial transcripts confirms that the Government presented ample evidence—including testimony that Pearson admitted breaking into mail collection boxes in order to steal gift cards and credit cards—from which the district court could conclude that Pearson had violated his probation by committing another federal or state offense. In addition, based on our review of the record, we reject Pearson's claims that the district court violated his due process rights by conducting the revocation hearing shortly after the trial ended and while a superseding indictment was pending.

Next, relying on *Maxwell*, Pearson maintains that his one-year term of supervised release is unlawful. In *Maxwell*, we held that "a district court, in calculating a defendant's second postrevocation sentence, [must] subtract the term of imprisonment that was imposed upon the defendant following the first revocation of his supervised release from the total amount of supervised release originally authorized by statute for the underlying crime." 285 F.3d at 338. Here, although the district court previously modified Pearson's probation in 2014, it did not impose any term of imprisonment at that time. Accordingly, we conclude that *Maxwell* is inapposite.

Finally, Pearson seeks to raise a claim of ineffective assistance of counsel. However, unless an attorney's ineffectiveness conclusively appears from the record, ineffective assistance claims generally are not cognizable on direct appeal. *United States*

3

*v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Thus, in order to permit sufficient development of the record, Pearson's claim should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.[*] We therefore affirm the district court's revocation judgment. This court requires that counsel inform Pearson, in writing, of the right to petition the Supreme Court of the United States for further review. If Pearson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pearson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We have considered Pearson's alleged violations of the Double Jeopardy Clause and *Miranda v. Arizona*, 384 U.S. 436 (1966), and conclude they lack merit.

4