**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

──────────────

No. 23-4091

──────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LLOYD EUGENE NICHOLS,

Defendant - Appellant.

──────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:22-cr-00159-CCE-1)

──────────────

Submitted:  July 20, 2023                    Decided:  August 10, 2023

──────────────

Before THACKER and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

──────────────

Affirmed by unpublished per curiam opinion.

──────────────

**ON BRIEF:** Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant. Margaret McCall Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

──────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lloyd Eugene Nichols appeals from the revocation of his probation and the imposition of a six-month prison term. On appeal, counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), stating that the record revealed no meritorious grounds for appeal. Neither Nichols nor the Government has filed a brief. We affirm.

Appellate courts review a district court's decision to revoke probation for abuse of discretion. *See United States v. Bujak*, 347 F.3d 607, 609 (6th Cir. 2003); *Gov't of the V.I. v. Martinez*, 239 F.3d 293, 301 (3d Cir. 2001). The district court need find a violation of a term of probation by only a preponderance of the evidence. *Bujak*, 347 F.3d at 609.

In this case, Nichols admitted to refusing to wear an ankle monitor absent assurance and direction on how it was compatible with his compression socks. In addition, he failed to provide further medical documentation when directed to do so. As such, the district court did not err in finding by a preponderance of the evidence that Nichols violated the special condition of supervision requiring him to wear a monitoring device as directed by a probation officer and to abide by the conditions and terms of the location monitoring home detention program.

Turning to Nichols' sentence, a district court has broad discretion to impose a sentence upon revoking a defendant's probation. *United States v. Moulden*, 478 F.3d 652, 655-56 (4th Cir. 2007). The district court may impose any term of imprisonment within the statutory maximum for the original offense. *United States v. Boyd,* 961 F.2d 434, 439 (3d Cir. 1992). The standard for reviewing a sentence imposed on revocation of probation is the same as the standard for reviewing a sentence imposed on revocation of supervised

2

release. *Moulden,* 478 F.3d at 655. We will affirm a sentence imposed after revocation if it is within the statutory maximum and is not "plainly unreasonable." *Id.* at 656. To determine whether a revocation sentence is plainly unreasonable, we first must assess the sentence for reasonableness. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006).

Reasonableness review involves both procedural and substantive components. A probation revocation sentence is procedurally reasonable if the district court considers the Sentencing Guidelines' Chapter Seven advisory policy statement range and explains the sentence adequately after considering the policy statements and the 18 U.S.C. § 3553(a) factors. *Moulden*, 478 F.3d at 656-57. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440; *see also United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (sentencing explanation in revocation context "need not be as detailed or specific" as is required for an original sentence). Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is *plainly* unreasonable." *Crudup*, 461 F.3d at 439.

We find that Nichols' sentence is procedurally reasonable. The district court explicitly considered the policy statement range and the § 3553 factors. Specifically, the court spoke extensively regarding Nichols' behavior on release, his untrustworthiness, and the necessity of deterring him from further criminal conduct. The court stated that the 6-month sentence was not adequate to punish or reflect the seriousness of Nichols' behavior and criminal conduct but, given Nichols' health and age, it was appropriate in this case. In

3

addition, the court requested a medical facility and informed Nichols of his right to file a compassionate release motion if the Bureau of Prisons sent him elsewhere.

Turning to the substantive reasonableness of the sentence, the district court provided numerous, appropriate reasons for imposing the sentence that it did, including the need to deter Nichols and the necessity of punishing Nichols for being uncooperative on probation, as well as the mitigating circumstances of his age and health. Thus, Nichols' within-Guidelines sentence is not unreasonable, must less plainly unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm. This court requires that counsel inform Nichols, in writing, of the right to petition the Supreme Court of the United States for further review. If Nichols requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nichols. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*